[No. 12271.  In Bank. — December 15, 1890.]

JAMES McGIVNEY, Appellant, v. JOHN H. PIERCE,
Respondent.

Election Contest — Jurisdiction of Superior Court — Common Coun-
cil of Oakland — Repeal of Municipal Charter. — The provision
of the charter of the city of Oakland enacted in March, 1854, giving
the common council exclusive jurisdiction to hear and determine
an election contest for the office of councilman of the city council is
repealed by sections 1111 et seq. of the Code of Civil Procedure, pro-
viding for the determination of such a contest by the superior court.

Statute — Repeal by Implication. — Whether a general statute repeals a
special one by implication is a question of intention, to be gathered from
the language used, and from the subject-matter of legislation.

Appeal from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Clunie & Young*, for Appellant.

*Metcalf & Metcalf*, for Respondent.

McFarland, J. — The appellant inaugurated a contest
in the superior court of Alameda County for the office
of councilman of the city council of Oakland, under sec-
tions 1111 et seq. of the Code of Civil Procedure. The
respondent demurred, upon the ground of want of ju-
risdiction; and the court sustained the demurrer, and
entered judgment dismissing the contest. From said
judgment this appeal is taken.

The judgment was rendered upon the ground that the
act reincorporating the city of Oakland, which was en-
acted in March, 1854, gave to the common council of
Oakland exclusive jurisdiction to hear and determine an
election contest such as is involved in this proceeding.
Waiving the question whether the language of the
charter is broad enough to include the subject-matter of
the present litigation, and waiving the constitutional ques-
tion as to the authority of the legislature to grant such
judicial power to the common council, it is clear, to our

minds, that the sections of the code above referred to, which were enacted long after the charter, necessarily repeal the provision of the charter here invoked. Section 1111 provides that "any elector of a county, city and county, city, or of any political subdivision of either, may contest the right of any person declared elected to *an office to be exercised therein* for any of the following causes." Then follows an enumeration of various grounds of contest, including those set up in the complaint or statement in this case. The succeeding sections provide that an elector wishing to institute such a contest must file with the county clerk a written statement setting forth certain specifications of grounds of contest; that the clerk must inform the superior court of the filing of such statement; that the court must call a special session at a certain time at the court-house to hear the contest; that a citation must be issued, etc., and that "the court must meet at the time and place designated, to determine such contested election, and shall have all the powers necessary to the determination thereof." It is further provided that "the court must pronounce judgment in the premises, either confirming or annulling and setting aside such election."

Of course a general statute does not always, by implication, repeal a special one. It is always a question of intention, to be gathered from the language used, and from the subject-matter of the legislation. With respect to the matter before us, we think that the legislature, when enacting the sections of the code above mentioned, clearly intended to adopt a uniform rule for all election contests about the officers named in section 1111, and necessarily repealed all former statutes inconsistent with that intention.

The judgment appealed from is reversed, with instructions to the trial court to overrule the demurrer.

Thornton, J., Fox, J., Paterson, J., and Beatty, C. J., concurred.