## MANNIE et al. v. HATFIELD, Police Magistrate.

The laws in force at the time of the adoption of the Constitution, not inconsistent therewith, remain in force until changed by the Legislature, but laws in conflict therewith are inoperative.

The provision of the Huron city charter (Sp. Act March 8, 1883), authorizing an appeal only in cases under the city ordinances tried without a jury, is, where the ordinance punishes an act made criminal by the state law, in conflict with Const. art. 5, § 34, providing that laws relating to courts shall be uniform, and Rev. Pol. Code, § 1275, providing for appeals in cases before a police justice under municipal ordinances and Rev. Justices' Code, § 148, giving the right to appeal from a justice of the peace in criminal cases, and one convicted by a jury of violating an ordinance of Huron prohibiting the keeping of a house of ill fame punishable under Comp. Laws 1882, § 6571, may appeal.

A municipal corporation has only such power as the Legislature grants it, which power is subject to legislative control, and is not protected by the federal Constitution, prohibiting the impairment of the obligation of contracts.

(Opinion filed, Nov. 30, 1908.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Mandamus by Charles W. Mannie and another against Jacob Hatfield, as police magistrate of the city of Huron, to compel defendant to transmit to the circuit court the record of a cause, and to permit plaintiffs to appeal from a judgment of the police magistrate. From a judgment denying relief, plaintiffs appeal. Reversed.

*W. A. Lynch, C. A. Kelley,* and *James Byrnes,* for appellants. *Crawford, Taylor & Fairbank,* for respondent.

CORSON, J. This is an appeal by the plaintiffs from an order of the circuit court refusing to issue a mandamus to the police magistrate of the city of Huron commanding him to transmit to said circuit court the record, pleadings, and documents connected with a certain action theretofore tried and determined by the said police magistrate in which the plantiffs herein were defendants and to allow an appeal to be taken therein. It is alleged, in substance, in the affidavit of the plaintiffs presented to the circuit court, that the plaintiffs were arrested upon a complaint and warrant issued by the defendant as police magistrate of the city of Huron charging them with the crime of keeping a house of ill fame in that city; that the plaintiffs being arraigned, and pleading not guilty to the charge, they demanded a jury trial, which was granted, and upon such trial they were found guilty and adjudged to pay a fine by the court; that immediately upon the entering of said judgment these plaintiffs gave notice that they appealed from said judgment, and the whole thereof, to the circuit court, and immediately thereafter and within the time allowed by law tendered a bond in the penal sum of $200 with good and sufficient security to perfect said appeal; that said appeal was denied by the said justice, and the bond so offered rejected by him; that said magistrate still refuses to permit said appeal, and refuses to transmit to said circuit court the record in said action. Wherefore the plaintiffs ask that a peremptory writ of mandamus be issued to the said defendant as police magistrate commanding him forthwith to transmit said proceeding to the circuit court.

To the affidavit of the plaintiffs the defendant filed an answer, alleging that the city of Huron is incorporated under special act

of the Legislature of the territory of Dakota passed March 8, 1883; that section 27 of said special act or charter provides: "In all cases arising under the ordinances of the city tried in said court by the justice without a jury where the judgment is for imprisonment or a fine exceeding $20 an appeal may be taken by the defendant to the district court of said county"; that in this case the case was at the request of the plaintiffs tried to a jury, and therefore no appeal allowed to the circuit court of Beadle county, and said attempted appeal was denied. Upon the case coming on for hearing before the court, it was ordered that the application for mandamus be refused. In support of the ruling of the circuit court in denying the writ, the respondent contends that, the territorial Legislature having provided in the charter of the city of Huron that on the trial of cases arising under the ordinances of that city tried to the court without a jury an appeal might be taken by the defendant, it necessarily follows that under said provision a case tried by a jury was not appealable, and the verdict of the jury and judgment thereon were final and not subject to appeal. It is contended by the appellants that this provision in the charter of the city of Huron was in effect repealed by section 1275 of the Revised Political Code, which reads as follows: "In all cases before the said justice, arising under the ordinances of the city, an appeal may be taken by the defendant to the county or circuit court of the county as in other appeals from justice court. * * *" And it is further contended by the appellants that this section of the Political Code was fully authorized and required by section 34 of article 5 of the Constitution, in which it is provided: "All laws relating to courts shall be general and of uniform operation throughout the state and the organization, jurisdiction, power, proceedings, and practice of all the courts of the same class or grade so far as regulated by law shall be uniform. * * * " In the case of Synod of Dakota v. State, 2 S. D. 366, 50 N. W. 632, 14 L. R. A. 418, this court held: "The laws in force when the Constitution was adopted not inconsistent with that instrument remained in force until changed by the state Legislature; but all laws in conflict with that instrument upon its adoption became inoperative and ceased to be of binding force within the state." That part of the

charter of the city of Huron providing for an appeal only in cases tried under the ordinances of the city when the trial was had before the police magistrate without a jury, when the ordinance assumes to provide that an act made criminal by the state law constitutes a violation of an ordinance of the city, is clearly within this provision of the Constitution as under the statute appeals may be taken from the decision of the police magistrate or police justices in ordinary criminal cases to the county or circuit court, and no exception could be made as to the city of Huron. Section 148, Rev. Justices' Code.

The contention of the respondents that the provision in effect denying the right of an appeal in a case decided in the police justice court of Huron by reason of its being a part of the original charter of the city of Huron granted to that city in 1883 has never been repealed or changed cannot be sustained; and the further contention of respondent that the special charter is in the nature of a contract that cannot be repealed by the state Legislature is equally untenable. The author of the article on Municipal Corporations in 28 Cyc. 272, 273, in discussing this question, says: "It is also a general rule that a municipal corporation can exercise no power which is repugnant to the common or statute law of the state. * * * The municipality has such measure of power as the Legislature thinks it wise to grant for the public good, either by special charter or general laws. But this power, not being protected from inpairment by the contract clause of the federal Constitution, is subject to the legislative will and discretion. The General Assembly has undoubted authority to prescribe the limits of municipal powers, and to add to or subtract from them at pleasure. Nor can its motives be questioned. The diminution or increase of power may be affected directly by an amendment of a special charter or the general law under which the corporation was organized. The corporate powers may also be diminished by a repeal of certain sections of the general law. This change may likewise be indirectly effected by the enactment of a law repugnant to charter provisions, whether special or general." Bowyer v. Camden, 50 N. J. Law, 87, 11 Atl. 137; San Francisco v. Canavan, 42 Cal. 541; Philadelphia v. Fox, 64 Pa. 169; State v. Kolsem,

130 Ind. 434, 29 N. E. 595, 14 L. R. A. 566; McGivney v. Pierce, 87 Cal. 124, 25 Pac. 269; Allen v. People, 84 Ill. 502.

It will be observed that the charge against the plaintiffs made in the magistrate court was·that of keeping a house of ill fame. The keeping of such a house is made a crime by the Penal Code of this state by section 6571 (Comp. Laws 1887), which provides: "Every person who keeps any bawdyhouse, house of ill fame, * * * is guilty of a misdemeanor." Assuming for the purposes of this decision, that it was competent for the city of Huron by ordinance to make the keeping of a house of ill fame an offense under the city ordinance, the plaintiffs had the same right to appeal as they would have had, had they been tried and convicted under the state law. It cannot seriously be claimed that the city of Huron, by providing that certain acts which are made crimes under the state law constitute the violation of an ordinace and trying the party under the ordinance, deprives him of his right of appeal. Where the city has assumed to pass an ordinance making a certain act punishable as a violation of the city ordinance which is made criminal by the state law, the provisions of the Constitution and the general law of the state applies. In the present case the police magistrate of the city of Huron seems to be vested with the same powers as city justices of the peace in this class of cases.

It is further contended by the respondent that this case is ruled by the decision of this court in the case of the City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947, but the question now presented was not raised in that case, and that decision is not therefor applicable to the case at bar, and, as we understand that decision, there is nothing therein in conflict with our views in the present case. As to whether or not the provisions in the charter of the city of . Huron limit an appeal in ordinary cases for a violation of a city ordinance we do not now decide as a decision upon that question is not necessary at·this time, and the views herein expressed are applicable only to cases ·where a city ordinance has provided that an act shall constitute a violation of that ordinance which is also made criminal by the laws of the state.

Our conclusion, therefore, is that the provision in the charter of Huron in effect preventing an appeal of these plaintiffs is in con-

flict with the provisions of section 1275 of the Revised Political Code, and also section 148 of the Revised Justices' Code and the state Constitution, and the order of the circuit court is therefore reversed, and that court is instructed to issue the peremptory writ as prayed for.