[Civ. No. 1868. Second Appellate District.—October 19, 1915.]

HOWARD A. PEAIRS, Petitioner, v. JOHN S. CHAMBERS, Controller, etc., et al., Respondents.

PUBLIC OFFICERS—COMPENSATION OF SUPERIOR JUDGES OF KERN COUNTY —SPECIAL ACT OF 1911 NOT REPEALED BY IMPLICATION.—The special act of the legislature of 1911 (Stats. 1911, p. 1421) increasing the annual salaries of judges of the superior court of the county of Kern from four thousand dollars to five thousand dollars per annum, and which contained a special repealing clause repealing all acts and parts of acts in conflict therewith, was not repealed by implication by the re-enactment by the legislature in 1915 of section 737 of the Political Code fixing the annual salaries of the judges of the superior courts of some fifty counties of the state,

including those of Kern County, in the sum of four thousand dollars, in view of the fact that such re-enactment contained neither a general nor a special repealing clause, and made no change in the section as it existed prior to its re-enactment except in the case of the salaries of judges of the superior court of Sonoma County.

ID.—STATUTORY CONSTRUCTION—REPEAL OF SPECIAL ACT BY GENERAL ACT—INTENT OF LEGISLATURE.—An act general in its character will not repeal a special act, even though the former contains language which seems to cover the same ground as that included within the special law, unless it reasonably appears that the legislature clearly intended by the general act to nullify the provisions of the special statute inconsistent therewith.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a Writ of Mandate to compel the State Controller to issue warrants in payment of the salary of petitioner as Judge of the Superior Court in and for the County of Kern.

The facts are stated in the opinion of the court.

J. W. Wiley, Borton & Theile, and Hunsaker & Britt, for Petitioner.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondents.

JAMES, J.—Petition for mandate. The petitioner, Honorable Howard A. Peairs, is one of the judges of the superior court in and for the county of Kern, and has held that office since a time prior to the first day of January, 1915; and prior to the nineteenth day of May, 1915, collected as such judge his salary at the rate of five thousand dollars per annum which was paid in monthly installments one-half by the county of Kern and one-half by the state, as is prescribed by law. Respondents, subsequent to the date last mentioned, refused to issue warrants in payment of the salary of petitioner in any amount other than at the rate of four thousand dollars per annum. This position was taken by respondents because of the passage and approval of an act of the legislature which apparently fixed as the annual salary of the superior judges of the county of Kern the amount of four thousand dollars. It is the contention of petitioner here that this act made no change in the amount theretofore provided to be paid on ac-

count of the salary attached to his office. The condition of
the legislation affecting this subject may be briefly stated.
For many years chapter V of the Political Code embraced
certain sections which fixed the amounts of the salaries of the
justices of the supreme court, judges of the superior court,
and officers of the former court. The chapter was devoted
especially to this subject. By section 737 it was provided that
the annual salaries of the judges of the superior courts of
some fifty counties of the state should be of certain amounts,
the counties being named in the section and the respective
amounts assigned to them. Section 738, which immediately
followed, provided that the salaries of all of the judges of the
other superior courts (meaning those not specially named in
section 737) should be of one amount alike. By these two
sections then, in general, the matter of the salaries of the
superior judges of the entire state was completely covered; in
other words, reading the two sections together, as they are
intended to be read, we have a general law (general in the
sense that it covers all of the counties of the state as to the
matter therein legislated upon) fixing the salaries of superior
judges. Section 737 of the Political Code was amended by
the legislature in 1911 (Stats. 1911, p. 63), which made some
changes as to the amount of the salary to be paid to superior
judges of certain counties. This amendment of that section
did not change the amount provided to be paid to the superior
judges of Kern County, which was therein stated to be, as it
had theretofore been, the sum of four thousand dollars per
annum. However, later in the session of the same year
(Stats. 1911, p. 1421), a special act of the legislature was
passed which applied to the county of Kern alone and pro-
vided, in part, as follows: ''The annual salary of each of the
judges of the superior court of the state of California, in and
for the county of Kern, is $5,000.'' This act contained a
special repealing clause repealing all acts and parts of acts
in conflict therewith. It was under the provisions of this
act that petitioner collected his salary at the rate of five
thousand dollars per annum, and makes his claim here that
he is entitled to have the same amount continued to be paid
to him. In the year 1915 an act of the legislature was ap-
proved on May 19th, by which it was provided that section
737 of the Political Code should be amended. In this act the
section mentioned, as it stood after the amendment of 1911,

was re-enacted and the only change made was in the case of
Sonoma County, as to which county an increased amount was
allowed to the superior judge as salary. The fact that the
reference to the county of Kern as it stood in the section prior
to the passage of the special act in 1911 relating to that
county, was carried with and into the section as amended
in 1915, furnished the basis for the contention of respondents
that by the amendment of 1915 to section 737, [Stats. 1915,
p. 597], the superior judges of Kern County suffered a re-
duction in salary to the amount which had been allowed them
prior to the special act passed in 1911.

We have to determine as to whether by necessary implica-
tion the amendment of 1915, wherein section 737 was in sub-
stance re-enacted, worked a repeal of the special act which
provided for a salary of five thousand dollars per annum for
the superior judges of Kern County. It is important to re-
member that the amendatory act of 1915 contained neither a
general nor a special repealing clause. We have called the
enactment expressed by sections 737 and 738 of the Political
Code a general law, and for the purpose of considering the
effect of the sections upon the act admittedly special which
prescribes that a salary of five thousand dollars shall be paid
to the superior judges of the county of Kern, we think it may
properly be so denominated, because it was very clearly the
intention of the legislature by the two sections mentioned to
cover generally the cases of all of the counties of the state
with respect to the subject-matter therein treated of. Taking
the two sections together, they do form comprehensive legis-
lation which would and did fix the salaries to be paid to every
superior judge in the state. There were reasons, as we shall
assume, which made it proper that the salaries of the superior
judges of Kern County should be increased from the amount
fixed by section 737; hence the special act was passed provid-
ing for the payment of five thousand dollars per annum to
each of such judges. Now what was the purpose of the act
of 1915 in so far as it was amendatory in character? It seems
to have had one purpose only, and that was to make a change
in the compensation of the superior judge of Sonoma County.
It was an amendatory act, and in determining what the pur-
pose of the legislation was, it is of first importance to consider
what change was actually made in the language of the section.
It is a general rule that the intent of the legislature is to be

regarded in determining the question here presented, especially where an implied repeal of a statute is contended for. (*McGivney* v. *Pierce,* 87 Cal. 124, [25 Pac. 269] ; *Matter of Ambrosewf,* 109 Cal. 264, [41 Pac. 1101].) The special act which raised the salaries of the judges of Kern County to five thousand dollars contained express repealing clauses which put out of the way all legislation theretofore passed inconsistent with the provisions of that act. The 1915 amendment of section 737 purported to make a change in the existing law only as it affected the county of Sonoma, and this act contained no repealing clause of any sort. Is it not then a reasonable and logical deduction to make to say that the legislature by the act of 1915, by omitting repealing clauses and making only one specific change in the provisions of section 737, intended to leave all legislation which was not inconsistent with the amendatory language which affected Sonoma County, in force and of effect? If this is so, then the petitioner, upon the reason of the proposition alone, states a good foundation for his claim. There is another rule of construction which is applicable here. This rule is that an act general in its character will not repeal a special act, even though the former contains language which seems to cover the same ground as that included within the special law. There are authorities sustaining this rule, and we have one in an early case decided in this state which is very pertinent to the question here presented. In 1863 there was in force what was called the Judiciary Act, which provided that in the several counties of the state the county court should hold certain terms on the first Monday of January, March, May, July, September, and November of each year. In 1864 a special act was passed applicable to the county of Nevada alone, providing different times for the holding of the sessions of the county court in that county. This special act contained, as did the special act herein mentioned, a clause repealing all inconsistent laws. Desiring to add a proviso to the Judiciary Act, the legislature, in 1868, passed an amendatory act which first provided, in the language of the original statute, that the terms of court should be held at the times mentioned in the original act "in the several counties of the state." It was claimed in the supreme court that this amendatory act of 1868 repealed the special act relating to Nevada County, and the court held that such was not the case; that the general language which

included all of the counties of the state did not affect or modify the provisions of the act theretofore passed, special in its nature, which applied to Nevada County alone. (*People* v. *Tyler,* 36 Cal. 522.)  This case was later referred to with approval in the case of *People ex rel. Board of State Harbor Commissioners* v. *Pacific Improvement Co.,* 130 Cal. 442, [62 Pac. 739]. See, also; *Bateman* v. *Colgan,* 111 Cal. 580, [44 Pac. 238] ; *County of Trinity* v. *County of Mendocino,* 151 Cal. 279, [90 Pac. 685] ; *Rymer* v. *Luzerne County,* 142 Pa. St. 108, [12 L. R. A. 192, 21 Atl. 794].  We do not intend to say that a general act may never repeal a special act, but where this result occurs we are satisfied that the rule is that it must reasonably appear that the legislature clearly intended by the general act to nullify the provisions of the special statute inconsistent therewith.  We have stated reasons which to us make it apparent that such an intent was not in the mind of the legislature when the act of 1915 was passed, and from the conclusions expressed it follows that the petitioner is entitled to the relief prayed for.

It is ordered that the writ issue.

Conrey, P. J., and Shaw, J., concurred.