## No. 6050.

### State ex rel. M. Morgan's Sons vs. the Board of Liquidators.

The case of the State of Louisiana vs. the North Louisiana and Texas Railroad Company, 25 An. p. 65, disposes of the present one, and in that case this court held that the State has, by making the act No. 108 of 1868 the basis of its suit, recognized and affirmed its constitutionality in regard to the adequate ways and means provided for the payment of the current interest and the principal of the bonds, and it also held that the act No. 97 of 1872 was not unconstitutional.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. B. F. Jonas*, for relators and appellees. *A. P. Field*, Attorney General, and *J. Q. A. Fellows*, for respondents and appellants.

Taliaferro, J. This is a proceeding by mandamus taken against the Board of Liquidators, known as the Funding Board, to compel them to fund bonds issued to the North Louisiana and Texas Railroad by the State under authority of act No. 108 of 1868, approved September 26, 1868. The relators aver that they hold these bonds to the amount of $110,000. The Funding Board declined taking action on the application of the relators to fund these bonds, on the ground that by the provisions of the supplemental funding act passed at the extra session of 1875 (act No. 11 of the extra session) the Board of Liquidators were prohibited from funding these bonds until their validity should be established by a final judicial decree. The judge *a quo* issued an alternative writ

of mandamus, to which the Attorney General, on the part of the Funding Board, responded by general denial and the averment that the act No. 108 of 1868 is in violation of article 114 of the constitution, and calls for strict proof of the relators' allegations. He prays that the mandamus be refused, and the writ dismissed at relators' costs. Judgment was rendered making the writ perpetual, and ordering the Board of Liquidators to receive and fund the relators' bonds in conformity with law. On the part of the Funding Board the Attorney General prosecutes this appeal.

In the case of the State of Louisiana vs. the North Louisiana and Texas Railroad Company, 25 An. p. 65, this court held that " the State *has, by making the act No. 108 of 1868 the basis of its suit, recognized and affirmed its constitutionality in regard to the adequate ways and means provided for the payment of the current interest and the principal of the bonds." By this decision also we held the act No. 97 of 1872 was not unconstitutional. We think the decision in that case disposes of the one before us. In that case the State, having made the act No. 108 of 1868 the basis of its action, affirmed its validity, and can not now question it. See the case of the State vs. Richard Taylor, recently decided.

It is therefore ordered that the judgment appealed from be affirmed with costs.

———

MORGAN, J., *dissenting.* I do not think that the case at bar is governed by the decision of the case of the State vs. the North Louisiana and Texas Railroad Company, 25 An. p. 65. I do not find from an attentive perusal of the opinion therein pronounced that the constitutionality of the act No. 108 of the acts of 1868 was therein put at issue or passed upon. The court said that " the defense rests solely upon the act No. 97 of 1872." The court also said : " This is a controversy between the State, which issued the bonds, and the railroad company for whose benefit they were issued, and the holders of the bonds and their rights are not before us. Nor is there any claim before us to enforce the payment of any of said bonds."

The allegation in the petition is that the bonds which relators wish to have funded are good and valid obligations of the State, issued in accordance with legislative authority and in compliance with prescribed conditions, and that they were bought by the present holders in open market, and for a good and valid consideration.

The answer denies generally, pleads that the act No. 108 of the acts of 1868 is unconstitutional, and calls for strict proof of the allegations contained in the petition.

The issue joined then was—

NEW ORLEANS, FEBRUARY, 1876. 123

State ex rel. Morgan's Sons vs. Board of Liquidators.

First—That the obligations are valid obligations of the State; and

Second—That relators bought them in open market, before maturity, and for a good and valid consideration.

Relators held the affirmative of this issue, and they were bound to establish it. They have not, in my opinion, done so. I find no evidence in the record to show when they bought the bonds, or how, or that they gave any consideration for them. Failing in this, I think their suit should be dismissed.

Rehearing refused.