# JOSEPH W. FOLK, Appellant, v. CITY OF ST. LOUIS.

### Division Two, May 20, 1913.

1. **COMPENSATION OF OFFICER: Increase During Term: Purpose of Constitutional Provision.** The purpose of the constitutional provision prohibiting an increase of compensation or fees of certain officers during their terms, was to prevent persons possessed of the prestige and influence of official power from using them for their own advantage.

2. ————: ————: **Circuit Attorney: Act of 1872.** The Act of 1872 (Laws 1871-2, p. 13) did not increase the salary of the circuit attorney of the city of St. Louis or cast any new duties upon him, but it was the intent of the Legislature by that act to leave both the compensation and duties of said officer as they stood under the acts of 1866 and 1869.

3. ————: ————: ————: ————: **General Statute: Special Acts Excepted.** The Act of 1872 purports to regulate and fix the total salaries of prosecuting attorneys throughout the State except St. Louis county, and was a general law, and did not repeal or modify the provisions of the acts of 1866 and 1869. The rule of law is that where a general law is later, the special law will be construed as remaining an exception to its terms, unless it is repealed by express words or by necessary implication. And the acts of 1866 and 1869, not only were special and relate to the office of circuit attorney of St. Louis county, but the manifest purpose of the Act of 1872 was to leave those special acts undisturbed in any manner. Therefore, in determining the effect of the Act of 1901, which fixed the salary of the circuit attorney of St. Louis at $5000 "in lieu of all fees in criminal cases and in lieu of all other salary," the Act of 1872 must be left out of consideration.

4. ————: ————: ————: **In Lieu of Fees and Salary.** An act passed during the incumbency of the circuit attorney of the city of St. Louis, whereby "in lieu of all fees in criminal cases and in lieu of all other salary" he is given a salary of $5000, is unconstitutional as to him, where under the existing laws his salary is $4350, and no fees.

5. ———: ———: ———: ———: **No Showing of Fees.** Nor can the court judicially know that, in addition to his salary of $4350, he received, at and prior to the passage of the act, fees in *habeas corpus, quo warranto,* actions to remove derelict officers, appeals to the St. Louis Court of Appeals in misdemeanor cases, option dealing proceedings and *actions to collect fines and penalties,* equal to $650, where the agreed case contains no recital of the collection of any such fees or of what they amount to; and hence the court cannot consider such possible and uncertain fees, in determining whether his compensation amounted to $5000 at the time of the passage of the act, where the case is submitted upon an agreed statement.

6. **AGREED STATEMENT: Effect of.** Under the law an agreed statement takes the place of formal pleadings. It is presumed to contain all the facts upon which each party relies to sustain his contention. And the court cannot enlarge it by judicially knowing, or adding to it, facts which if they existed, ought to have been made a part of it.

7. **ESTOPPEL: City: Accepting and Retaining Fees of Officer.** The city by accepting and retaining the fees earned by the circuit attorney's office for the balance of his term after the enactment of the statute which fixed his compensation at a salary of $5000 "in lieu of all fees in criminal cases and in lieu of all other salary," is not estopped thereby to deny the constitutionality of said statute which in effect gives to such circuit attorney $650 additional salary in lieu of such fees, for two reasons: *first,* because the agreed case does not contain the facts upon which the alleged estoppel is based; and, *second,* because the mere erroneous acts of municipal officers are not sufficient to create an estoppel against the city. But the circuit attorney has, by a separate action, the right to collect the fees so retained by the city, unless *some other valid defense may be interposed.*

8. ———: ———: **By Construction.** The city's counselor having advised the city that the circuit attorney was entitled to a salary of $5000 per annum under the act of the Legislature declaring that he should receive such salary "in lieu of all fees in criminal cases and in lieu of all other salary," enacted while plaintiff was an incumbent of the office, the city thereafter paid plaintiff a salary of $5000 for more than two years. *Held,* that this was no such practical construction of the statute as makes such overpayment operate as an estoppel upon the city and compels it to continue such excessive payment for the balance of his term. The statute being unambiguous, its violation for any length of time cannot work its repeal.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

AFFIRMED.

*Judson, Green & Henry* and *Thomas B. Harvey* for appellant.

(1) The compensation of the office of circuit attorney prior to the Act of 1901, was $1000 in salary, $3000 in lieu of fees in felony cases, $1000 in lieu of fees in misdemeanor cases, and in addition thereto the circuit attorney was entitled to certain other fees in criminal cases. The Act of 1901 did not increase the "compensation or fees" of the circuit attorney, but decreased the fees in giving a salary in lieu of all fees in criminal cases, and made the salary payable by the city monthly, instead of part by the city and part by the State, at irregular intervals as provided for by prior statutes: R. S. 1899, sec. 4949; R. S. 1889, sec. 636; R. S. 1879, sec. 512; Laws 1872, p. 13; Laws 1865-6, p. 14; Laws 1869, p. 8. (a) Sec. 4949, R. S. 1899, giving a salary of $1000 a year to all prosecuting attorneys in counties of 35,000 inhabitants and over, applied to the circuit attorney of St. Louis. The circuit attorney of St. Louis was the prosecuting attorney for that county. He was the official corresponding to prosecuting attorneys throughout the State. When the city of St. Louis and the county of St. Louis separated, the circuit attorney became the State's prosecuting officer for St. Louis. Sec. 4950, R. S. 1899; Sec. 4959, R. S. 1899; State v. Speritus, 191 Mo. 38; State ex rel. v. Williams, 221 Mo. 261. (b) All prosecuting attorneys in the State were formerly termed circuit attorneys, and there was one for each circuit (R. S. 1855, p. 274, sec. 6). St. Louis county alone comprised the 8th Judicial Circuit (Ib. p. 545, sec. 9) and was the only county in the State with a

prosecuting officer whose jurisdiction was limited to one county. In 1872 in order to have one prosecuting attorney for each county instead of for a circuit composed of a number of counties, the office of circuit attorney was abolished, and prosecuting attorneys for each county provided for. As St. Louis county already had a prosecuting officer in the circuit attorney, and as it would create confusion to call the State's prosecutor in St. Louis county "prosecuting attorney" (there being a minor official in that county termed "prosecuting attorney," Laws 1869, p. 197), St. Louis county was excepted from the section of the act changing the name of the State's prosecutor; but by section 4 of said act it was made plain that the circuit attorney of St. Louis was the same official as the prosecuting attorney provided for by the act. Section 3 of the Act of 1872 gave all prosecuting attorneys without exception a salary in addition to fees, and in counties of 35,000 inhabitants and over (St. Louis county) this salary was fixed at $1000. Section 3 of said act was amended and re-enacted as Sec. 512, R. S. 1879, Sec. 636, R. S. 1889, and Sec. 4949, R. S. 1899. (2) Any doubt as to the purpose of the Legislature to have section 3 of the Act of 1872 apply to all prosecuting officers, including the prosecuting officer of St. Louis county, is removed by the fact that the Act of 1872 was revised, amended and re-enacted in 1879, and as amended sections 1, 2, 3 and 4 were omitted, there being no longer any necessity of making it clear that the name of the State's prosecuting officer in St. Louis county was not changed. The effect of these omissions was to repeal these sections, leaving section 3 as amended a general law enacted by the Legislature. Butler v. Sullivan County, 108 Mo. 639. Sec. 4949, R. S. 1899, is an amendment and re-enactment of section 3 of the Act of 1872. See Sec. 636, R. S. 1889, and Sec. 512, R. S. 1879. This as enacted in 1879 was applicable to all prosecuting attorneys in the

State and applied to the circuit attorney of St. Louis county (later city of St. Louis) just as any other law regarding prosecuting attorneys would apply to the circuit attorney of St. Louis. Section 3237 provides for fees for prosecuting attorneys and under this section the circuit attorney's fees (paid into the city treasury under the Act of 1901) have always been taxed. If the circuit attorney is a prosecuting attorney under the fee statute, he was a prosecuting attorney under the salary statute. (3) The Act of 1901 did not increase the "compensation or fees" of the circuit attorney. It gave a fixed salary of $5000 in lieu of an indefinite compensation consisting partly of salary and partly of fees. (a) Irrespective of section 4949, and assuming for the sake of argument that section does not apply, the compensation of the circuit attorney was $4350 in salary and in addition fees in criminal cases other than of misdemeanor and felony. The salary of $4350 was made up as follows: $350 salary to all circuit attorneys by the Act of 1855, p. 183. This was repealed by Sec. 4949, R. S. 1899, if this section applies as we think it does, but if it does not apply then it did not repeal the Act of 1855 so far as the circuit attorney of St. Louis county was concerned; $1000 salary in lieu of fees in misdemeanor cases under the Act of 1866, p. 14; and $3000 under the Act of 1869, p. 8. (b) The Act of 1901 did not increase the circuit attorney's fees, for it gave a fixed salary in lieu of all other salary and all fees in criminal cases. The Act of 1901 did not increase the circuit attorney's compensation, for it merely substituted a fixed salary for uncertain and fluctuating fees. The constitutional provision against increase of compensation does not apply where salary is given in lieu of uncertain fees. Supervisors v. Hackett, 21 Wis. 613; State v. Kalt, 50 Wis. 179; Thompson v. Phillips, 12 Ohio St. 617; Kirkwood v. DeSoto, 87 Cal. 394. (c) Before the constitutional provision can ap-

ply there must be: 1. A fixed and definite compensation; 2. A fixed and definite term of office. The Legislature may lawfully commute fluctuating fees into fixed salary. Supervisors v. Hackett, 21 Wis. 613. The constitutional provisions do not apply to a State official if his term of office is not definite and certain. State ex rel. v. Gordon, 238 Mo. 171. (d) The Constitution does not prohibit a change of compensation and unless it can be said that the "compensation or fees" are increased the constitutional inhibition does not apply. Adding to salary by subtracting from fees, or substituting salary for fees, does not offend the constitutional provision. (e) Fees in criminal cases, other than felony or misdemeanor, that the circuit attorney received prior to the Act of 1901 are provided for in secs. 4950, 2344 and 4955, R. S. 1899. The Act of 1905, p. 51, amending the Act of 1901, assumed these fees to be at least $5000 a year in providing for a contingent fund of this amount out of these fees. Sec. 984, R. S. 1909. But the amount of the fees cut off by the Act of 1901 in giving a fixed salary in lieu of "all other salary and all fees in criminal cases" is immaterial. They would necessarily vary greatly from year to year. If an official is paid entirely by salary, or entirely by fees, it could then be determined whether any change in the law increased or decreased his compensation, but when an official is paid in part by salary and in part by fees, adding to the salary and subtracting from the fees may have the effect in a given year of decreasing or increasing compensation according to circumstances. An act cannot be unconstitutional one month or year, and constitutional another. "A statute cannot be declared ineffective because it may infringe on some constitutional limitation. Mere possibility or conjecture is not enough. The necessary and inevitable effect must be to violate the Constitution." Railroad v. Brick Co., 85 Mo. 307. (f) Even if it could be said that the

effect of the Act of 1901 was incidentally to increase appellant's compensation, the act would still be valid as an exercise of the power of the Legislature in making such reasonable changes in the method of paying an official as the public interest and welfare might seem to require. State ex rel. v. Ransom, 73 Mo. 78; State ex rel. v. McGovney, 92 Mo. 428; Cunningham v. Railroad, 165 Mo. 276; State ex rel. v. Wilder, 206 Mo. 547; State ex rel. v. Speed, 183 Mo. 186. (g) During appellant's entire term the circuit attorney's fees were turned into the city treasury under the Act of 1901, while the city after acting under the law of 1901 for two and one-half years, refused for the balance of the term to pay appellant the salary under the Act of 1901 into which these fees were commuted. The city cannot treat the act as valid so far as the fees are concerned, and deny its validity with regard to the salary substituted for these fees. (4) Respondent, having with full knowledge of the opinion of the city counsellor, accepted and retained the fees earned by the circuit attorney's office from March 18, 1901, to January 1, 1905, and having accepted the benefits in public service of the reorganization of said office and having by direction of its legal adviser paid appellant's compensation under said act for two and one-half years, has waived any right it might have had to claim that the Act of 1901 was not applicable to appellant. Respondent cannot accept the benefits of said act with one hand and repudiate its obligations with the other. Laws 1901, p. 45; Henderson v. Koenig, 192 Mo. 714; St. Louis v. Davidson, 102 Mo. 155; Spark v. Jasper County, 213 Mo. 237; Star Pub. Co. v. Warehouse Co., 123 Mo. App. 13; Swofford D. G. Co. v. Bank, 81 Mo. App. 46; Kansas City v. Shraeder, 196 Mo. 281; Stamper v. Roberts, 90 Mo. 683; Railroad v. Marion County, 36 Mo. 307; State ex rel. v. Miller, 113 Mo. App. 665; Righter v. Loyal Prot. Assn., 131 Mo. App. 496; Damman v. St. Louis, 152 Mo. 186; Philadelphia

v. Hy. Co., 142 Pa. St. 848; Roanoke v. Berkowitz, 80 Va. 616; Mt. Vernon v. State, 71 Ohio St. 428; Bank v. Arkansas City, 76 Fed. 271; Commissioners v. Denver, 30 Col. 13; State v. Board of Liquidators, 28 La. Ann. 121; 2 Dillon Municipal Corp. (5 Ed.), sec. 800.

*Lambert E. Walther, Truman P. Young* and *William E. Baird* for respondent.

(1) The Act of March 9, 1872, Laws 1871-2, p. 13, has no application to the circuit attorney of the city of St. Louis. This is obvious from a mere inspection of the act. It abolished the office of circuit attorney and county attorney, except in the county of St. Louis, and created a new officer, to-wit, the prosecuting attorney, who should perform the duties of both circuit attorney and county attorney. This new officer does not correspond to the circuit attorney of the city of St. Louis. A. The duties of prosecuting attorney are much broader than those of the circuit attorney and embrace duties both to the State and to the county. He acts as the general legal adviser and officer of his county, whereas the circuit attorney of the city of St. Louis performs duties of a much narrower scope. He represents the State only. The duties performed by the prosecuting attorneys throughout the State are performed in the city of St. Louis by four officers, namely, the circuit attorney, the prosecuting attorney, the city counselor and the city attorney. The duties of prosecuting attorneys throughout the State are fixed by Sec. 513, R. S. 1879. The circuit attorney of St. Louis represents the State only, and not the city, and in the administration of the criminal law his jurisdiction is confined to the prosecution of felonies. B. If the Act of March 9, 1872, applied to the circuit attorney of St. Louis it abolished all of his salary except that created by the act, and he was entitled to receive only a salary of $1000 at the time of the pas-

sage of the Act of 1901. It abolished circuit attorneys throughout the State, except in the county of St. Louis, and created a new officer to be known as the prosecuting attorney and fixed his salary at $1000 and also "such fees as are now allowed by law to the circuit attorney." If the act is to be taken as applying to the circuit attorney of the city of St. Louis, then, as a matter of course, it deprived him of all salary except the salary fixed by the act, and after 1872 he was entitled to receive only $1000 as salary and such fees as were then allowed by law. This word "fees" cannot be construed to mean "fees" throughout the State and "salaries" in the city of St. Louis. (2) The subsequent revisions of the statutes have not made any of the provisions of the Act of March 9, 1872, applicable to the circuit attorney of the city of St. Louis. A general revision is merely a codification of the existing law. The revising committee cannot affect a law which has been passed by the Legislature in due form by omitting certain sections and including others, or by inserting a section in some particular chapter of the revision. A revised law which has the effect of amending a former law must pass through the same formalities as any other law. Langston v. Canterbury, 173 Mo. 129; State ex inf. v. Herring, 208 Mo. 723. A law is not to be construed as a new act by reason of being inserted in the Revised Statutes, but has the effect and force of the act as originally enacted. State ex rel. v. Heidorn, 74 Mo. 410; Dart v. Bagley, 110 Mo. 52. A law is not repealed nor invalidated by failure to insert it in the Revised Statutes. Rutledge v. Simpson, 141 Mo. 295; Gazzolo v. McCann, 63 Mo. 419; Bird v. Sellers, 122 Mo. 31. A repealed law is not revived by being inserted in the Revised Statutes. Merriwether v. Love, 167 Mo. 514; Barr v. Flynn, 20 Mo. App. 388. A provision should be construed in connection with the act as originally passed and not in connection with other sections with

which it may be grouped in the Revised Statutes. Timson v. Coke Co., 220 Mo. 591; Paddock v. Railroad, 155 Mo. 534; Aloe v. Association, 164 Mo. 682; State ex rel. v. Stone, 152 Mo. 202; Bowen v. Railroad, 118 Mo. 541; Bronnock v. Railroad, 200 Mo. 561. Even where a section of a staute is incorporated in a revised bill which has been duly enacted, passed and approved, this will not break the continuity and consistency of the whole provision. It is still to be construed in the light of the former act. St. Louis v. Alexander, 23 Mo. 533; Dart v. Bagley, 110 Mo. 42; Cape Girardeau v. Riley, 52 Mo. 428. (3) The increase of the salary of any officer during his term of office is forbidden by the State Constitution. Sec. 8, art. 14, Constitution. A. The total compensation of the appellant was increased by the Act of 1901. His salary was increased by $650. There is nothing in the record to show that his fees were decreased by a corresponding amount, or by any amount. An examination of the statutes shows that appellant was entitled to no fees in criminal cases before the Act of 1901, and was therefore not deprived of such fees by that act. He has tried no misdemeanor cases since the establishment of the Court of Criminal Correction on March 15, 1866 (Laws 1865, p. 77), and his fees in felony cases were commuted to a salary of $3000 by the Act of March 2, 1869. Laws 1869, p. 8. There are no other fees in criminal cases to which he would be entitled. B. The Constitution forbids an increase of salary just as it forbids an increase of fees. The word ''compensation'' as used in the Constitution means ''salary.'' Milwaukee v. Hackett, 21 Wis. 620; Houser v. Seeley, 18 S. D. 308; State ex rel. v. Grimes, 7 Wash. 445; State ex rel. v. Johnson, 123 Mo. 43; State ex rel. v. Smith, 87 Mo. 157; Callaway County v. Henderson, 119 Mo. 32; Givens v. County, 107 Mo. 603; State ex rel. v. Gordon, 238 Mo. 180. (4) The record does not show facts sufficient to establish any estoppel as

against the city. An estoppel by conduct rests upon some misrepresentation or concealment. The party estopped must have been aware of the facts, and the party alleging the estoppel must have been ignorant of them. Bigelow on Estoppel (5 Ed.), pp. 556, 609; 11 Am. & Eng. Ency. Law (2 Ed.), pp. 433, 434. It is thus clear that an estoppel cannot arise out of a mere mistake, certainly not out of a mutual mistake, and *a fortiori*, not out of a mutual mistake of law. The case contains none of the elements of an estoppel. The fact that the city treasurer paid the appellant in accordance with the Act of 1901 under a mistake of law, cannot operate as an estoppel against the city. An act of a city official is not an act of the city unless it is done in pursuance of law. Persons dealing with public officials are charged with knowledge of their powers. Cheny v. Brookfield, 60 Mo. 54; Saxton v. St. Joseph, 60 Mo. 153; Mister v. Kansas City, 18 Mo. App. 217; Ayres v. Schmohl, 86 Mo. App. 349; Sturgeon v. Hampton, 88 Mo. 214; Drainage District v. Daudt, 74 Mo. App. 586; Snyder v. Railroad, 112 Mo. 540; Heidelberg v. St. Francois County, 100 Mo. 75; Wheeler v. Poplar Bluff, 149 Mo. 46; Johnson v. School District, 67 Mo. 319; State ex rel. v. Murphy, 134 Mo. 567. The record does not show that the city ever received any fees after the Act of 1901 to which the appellant would have been entitled before that act. But even if this were true, the appellant would have no difficulty in obtaining those fees from the city. Henderson v. Koenig, 192 Mo. 690.

BROWN, P. J.—Civil action to collect official salary. From a judgment of the circuit court of St. Louis City rejecting and disallowing part of plaintiff's claim, he appeals.

The issues in this case are set forth in an agreed statement filed in the circuit court pursuant to the pro-

visions of section 2117, Revised Statutes 1909. As there is some controversy in regard to what facts are covered by said agreed case we will set it out in full:

### AGREED CASE.

In the Circuit Court, City of St. Louis,
    December Term, 1906.

JOSEPH W. FOLK,.                    Plaintiff,
        v.
CITY OF ST. LOUIS, a Municipal
    Corporation,                    Defendant.

It is hereby agreed between the plaintiff and defendant as follows:

(1) The defendant is a municipal corporation, and a city of the State of Missouri, having now, and at the time hereinafter named, a population of over 300,000 inhabitants, and that it constitutes the Eighth Judicial Circuit of the State of Missouri.

(2) That from January 1, 1901, to January 1, 1905, the plaintiff was the duly elected, qualified and acting circuit attorney in and for the Eighth Judicial Circuit of the State of Missouri.

(3) That from January 1, 1901, to and including March 18, 1901, the city of St. Louis paid plaintiff, as salary, sums of money hereinafter set out, under the statute law of the State, to-wit:

Act of March 19, 1866, and the Act of March 2, 1869, whereby the amounts to be paid as salary of the circuit attorney by the city of St. Louis, aggregated four thousand dollars per annum. That from March 18, 1901, to and including October 31, 1903, the city of St. Louis, under the ruling of the then city counselor, paid the circuit attorney the sums hereinafter named, at the rate of five thousand dollars per annum, which was paid under and by virtue of the terms of an Act of the General Assembly of March 18, 1901, by the terms of which the salary to be paid by the city of St. Louis to the circuit attorney aggregated five thousand dollars a year. That since October 31, 1903, plaintiff has received nothing at all.

(4) That in the month of November, 1903, the question having arisen as to whether the plaintiff, as circuit attorney, was entitled to the salary as provided by the Act of 1901, or was entitled to the salary as provided by the acts of March 19, 1866, and March 2, 1869, a change having been made in the office of the city counselor, that official was of the opinion, and so advised the city, that the salary of the office of circuit attorney of the city was increased by said Act of March 18, 1901, and said act having been passed during plaintiff's term of office, that its provisions in regard to salary were, under the State Constitution, inapplicable as to plaintiff during the said term for which

Folk v. St. Louis.

plaintiff was elected. Thereupon defendant advised plaintiff that it would pay him as salary the amounts fixed by the Acts of 1866 and 1869, and not the amount fixed by the Act of 1901, for the reasons aforesaid. That plaintiff refused to accept the amount so offered, being advised that the Act of 1901 did not increase the circuit attorney's salary, as according to plaintiff's contention, section 4949, Revised Statutes 1899, giving prosecuting attorneys one thousand dollars a year in addition to other compensation, in counties of 35,000 inhabitants or over, applied to the city of St. Louis, which, with the Acts of 1866 and 1869, made the salary of the circuit attorney five thousand dollars a year, payable by the city, before the passage of the Act of 1901, which was in addition to the salary of three hundred dollars a year, to be paid the circuit attorney by the State under the Act of 1854-5, page 183; and that even if said section 4949 did not apply to the circuit attorney of St. Louis, the Act of 1901 did not increase the compensation of the office, as it gave a salary in lieu of all fees in criminal cases, and therefore the constitutional provision above referred to would not apply. That thereupon plaintiff declined to have any salary for himself as circuit attorney placed upon the pay rolls which were certified by the circuit judges to the auditor of the city from the 31st day of October, 1903. That defendant has at all times been ready and willing, and is now ready and willing to pay plaintiff's salary as circuit attorney at the rate fixed by the above mentioned Acts of 1866 and 1869. That the defendant has offered and has at all times been willing to stipulate with plaintiff that the reception of said salary at said rates should not prejudice him in his claim for increased salary. That plaintiff has at all times been ready and willing, and is now ready and willing, to accept whatever amount is due him under the law. But plaintiff and defendant, being unable to agree as to what statutes govern in the premises, the matter in controversy is therefore submitted to the court for determination.

(5) That the defendant paid plaintiff as salary the following amounts, and no others:

| DATE 1901 | PAY ROLL FOR | Amount |
|---|---|---|
| Feb. 1. | January | $ 250.00 |
| March 1. | February | 250.00 |
| April 1. | March, 2 months, 19 days at $250 per quarter ...........$216.67 | |
| | March 12 days at $416.66 per month.... 161.28 | |
| | Total ...................$ | 377.95 |
| July 16. | April ...............$416.66 | |
| | 19 days (due from March) ........ 153.23 | |
| | Total ...............$569.89 | |

Folk v. St. Louis.

| | | |
|---|---|---|
| July 16. | May .................. ..................$ | 416.66 |
| July 16. | June .......... ........................ | 416.66 |
| Aug. 1. | July .................... ................ | 416.66 |
| Aug. 31. | August ........................ ............... | 416.66 |
| Sept. 30. | September ................. ............. | 416.66 |
| Oct. 31. | October ................. ............. | 416.66 |
| Nov. 30. | November ................. ............. | 416.66 |
| Dec. 31. | December ................. ............. | 416.66 |
| **1902** | | |
| Jan. 31. | January ................. ...............$ | 416.66 |
| Feb. 28. | February ................. ............. | 416.66 |
| March 31. | March ................. ............. | 416.66 |
| May 7. | Apr. ................................. | 416.66 |
| May 31. | May ................................. | 416.66 |
| June 30. | June ................................. | 416.66 |
| July 31. | July ................................. | 416.66 |
| Aug. 30. | Aug. ................................. | 416.66 |
| Sept. 30. | Sept. ................................. | 416.66 |
| Oct. 31. | Oct. ................................. | 416.66 |
| Nov. 29. | Nov. ................................. | 416.66 |
| Dec. 31. | Dec. ................................. | 416.66 |
| **1903** | | |
| Jan. 31. | Jan. ................................. | 416.66 |
| Feb. 28. | Feb. ................................. | 416.66 |
| March 31. | Mch. ................................. | 416.66 |
| May 7. | Apr. ................................. | 416.66 |
| May 29. | May ................................. | 416.66 |
| June 30. | June ................................. | 416.66 |
| July 31. | July ................................. | 416.66 |
| Aug. 31. | Aug. ................................. | 416.66 |
| Sept. 30. | Sept. ................................. | 416.66 |
| Oct. 31. | Oct. ................................. | 416.66 |

|  | |
|---|---|
| Total ............................. | $13,947.64 |

That if the acts of 1866 and 1869 alone apply, the
amount due plaintiff, at four thousand dollars a
year is ........................................ $16,000.00

Amount paid on account thereof.................... $13,947.64

Bal. due plaintiff under terms of said law.......... $ 2,052.36

This is deducting the amount which the circuit attorney was paid from March 18, 1901, to October 31, 1903, in excess of the amount fixed by the acts of 1866 and 1869; and without deducting this amount and in case it is held by the court that said amount should not be deducted, although the act of 1901 is held not to be applicable, then the amount due the plaintiff is four thousand, six hundred and sixty-six dollars and sixty-six cents

250 Mo.—9

($4,666.66). That the amount due plaintiff as salary, in case the act of March 18, 1901, is held to apply to his term of office for the fourteen months during which he received no salary—that is to say, since October 31, 1903, to and including December 31, 1904—is five thousand, eight hundred and thirty-three dollars and thirty-three cents ($5833.33).

(6) It is further agreed that judgment shall be given plaintiff for such amount as under the law the court finds to be due, without interest, except from the date of the rendition of judgment.

(7) To the end, therefore, that the matter in difference between plaintiff and defendant may be settled as provided in section 793, Revised Statutes 1899, the foregoing facts are hereby mutually submitted to the circuit court of the city of St. Louis for decision, each party reserving the right of appeal.

THOS. B. HARVEY,

JUDSON & GREEN,

Attorneys for Plaintiff.

THE CITY OF ST. LOUIS,

by CHAS. W. BATES,

City Counselor.

The foregoing agreed case was duly verified by the affidavit of Thos. B. Harvey, one of the attorneys for plaintiff.

From the foregoing statement it will be seen that plaintiff contends that he was entitled to receive for his services as circuit attorney of St. Louis City a salary of $5000 per annum under the Act of 1901, and that the balance of salary due him at the end of his term on January 1, 1905, was $5833.33.

On the other hand, defendant contends that the amount of salary to which plaintiff was entitled during his term of office as such circuit attorney, was fixed by the Laws of 1866, page 14, and the Laws of 1869, page 8, and amounted in the aggregate to $4000 per annum. That the balance due plaintiff on account of such salary at the end of his term was only $2052.36.

The circuit court adopted the views of defendant city and entered judgment in favor of plaintiff for only the sum of $2052.36, from which judgment plaintiff appeals. The appeal was granted to this court

because the case involves the construction of section
8, article 14, of the Constitution of 1875, which pro-
hibits an increase of the salary of any municipal of-
ficer during his. term.   Said constitutional provision
is as follows:

"The compensation or fees of no State, county or
municipal officer shall be increased during his term of
office; nor shall the term of any office be extended for
a longer period than that for which such officer was
elected or appointed."

For a better understanding of the issues outlined
in the agreed statement, and the law which must de-
termine the rights of the parties, we will give a his-
tory of the statutes which prescribe the duties and
compensation of the circuit attorney of the city of St.
Louis.

In the year 1855 a law was enacted which gave
the circuit attorney of St. Louis (then the county of
St. Louis) a salary of $350, payable out of the State
Treasury.   [Laws 1855, p. 183.]   At that time said
circuit attorney was charged with the duty of prose-
cuting persons charged with both felonies and misde-
meanors, for which he was allowed conviction fees
somewhat after the manner in which conviction fees
are now allowed to prosecuting attorneys of counties
having no large cities.   [R. S. 1855, p. 756.]   The stat-
ute requiring the payment of a salary of $350 out of
the State Treasury to the circuit attorney does not
seem to have been repealed until the year 1901.

In the year 1866 the duty of prosecuting persons
charged with misdemeanors was transferred from the
circuit attorney of St. Louis county to an officer desig-
nated as the "Prosecuting Attorney for the St. Louis
Court of Criminal Correction."   [Laws 1866, p. 77.]
In the same year a statute was enacted giving the cir-
cuit attorney of St. Louis county an annual salary of
$1000, payable by said county in lieu of fees there-
tofore payable to that officer for his services in prose-

cuting "cases of misdemeanor *or other than felony cases.*" [Laws 1865-6, p. 14.]

In the year 1869 another statute was enacted which provided that the fees thereafter to be earned by the circuit attorney of St. Louis county for the prosecution of persons charged with felonies should be paid into the treasury of said county. The same statute ordained that the circuit attorney of said county should receive an annual salary of $3000, payable by the county, in lieu of the fees theretofore allowed him for trying cases of felony. [Laws 1869, p. 8.]

It will thus be seen that the combined acts of 1866 and 1869 fixed the amount of annual salary to be paid out of the treasury of St. Louis county to the circuit attorney at the aggregate sum of $4000. In addition to this he was, apparently, entitled to a fee of $350 annually, payable by the State.

The law continued in this condition until the year 1901, unless it was modified by the statute enacted in 1872, which reads as follows:

"Section 1. The offices of circuit and county attorney are hereby abolished, to take effect on the first day of January, 1873, *except in the county of* St. Louis.

"Sec. 2. At the general election to be held in this State in the year 1872, and every two years thereafter, there shall be elected in every county in this State, *St. Louis county excepted, a* prosecuting attorney, who shall perform the duties now devolving by law on the circuit attorneys and county attorneys.

"Sec. 3. The prosecuting atorneys shall receive for his services, to be paid out of the county treasury, in all counties having a population of less than five thousand inhabitants, the sum of three hundred dollars; in all counties having five thousand and less than ten thousand inhabitants, the sum of four hundred dollars; in all counties having ten thousand and less than fifteen thousand inhabitants, the sum of five hun-

dred dollars; in all counties having fifteen thousand and less than twenty thousand inhabitants, the sum of six hundred dollars; in all counties having twenty thousand and less than twenty-five thousand inhabitants, the sum of seven hundred dollars; in all counties having twenty-five thousand and less than thirty thousand inhabitants, the sum of eight hundred dollars; in all counties having thirty thousand and less than thirty-five thousand inhabitants, the sum of nine hundred dollars; and in all counties having thirty-five thousand inhabitants and over, the sum of one thousand dollars; to be paid quarterly upon the warrant of the county court, issued in favor of the prosecuting attorney to the county treasurer for that purpose; and the said prosecuting attorney shall also receive for his services in the circuit and other courts, such fees as are now allowed by law to the circuit attorney. [Now Sec. 4949, R. S. 1899.]

"Sec. 4. From and after the first day of January, 1873, whenever the words circuit attorney or county attorney shall appear in any of the statutes of this State, the same shall be taken and understood to mean prosecuting attorney, *except in the county of St. Louis.*" [Laws 1871-2, p. 13.]

The construction of this Act of 1872 is very important to a correct solution of the proposition in controversy. Plaintiff contends that this Act of 1872 added another thousand dollars to the salary of the circuit attorney of St. Louis county, and that when St. Louis City was separated from St. Louis County in 1875 the circuit attorney of said city became entitled to receive the sum of $5000 as an annual salary. Defendant contends that said Act of 1872 did not raise the salary of the circuit attorney.

On March 18, 1901 (Laws 1901, p. 48), the General Assembly enacted another statute which authorized circuit attorneys of cities having 300,000 inhabitants or more to appoint a second assistant and a

stenographer, whose salaries should be paid out of the treasury of such cities. Said act also contained a section fixing the salary of the circuit attorney in said cities of 300,000 at $5000 per annum, and further provided that said act should take effect immediately. The provisions of said act in regard to the salary of such circuit attorney, and the emergency clause whereby the act was put into immediate effect, are as follows:

"Sec. 6. The circuit attorney of such circuit shall receive *in lieu of all fees in criminal cases, and in lieu of all other salary,* a salary of five thousand dollars a year, payable monthly at the end of each month from the treasury of said city. The circuit attorney's fees shall continue to be taxed as heretofore, but when collected, shall be turned into the treasury of said city. All circuit attorney's fees in criminal cases not paid by the State shall be collected by the clerk of the criminal division of the circuit court and by him paid into the treasury of said city. When such fees are paid by the State, they shall be paid into said city treasury in the manner now provided by law.

"Sec. 9. As it is necessary in order vigorously to enforce the criminal laws in the city of St. Louis for the circuit attorney *to have an adequate force of assistants, and as there is now no provision to pay the incidental expenses of the circuit attorney's office,* therefore this act shall take effect and be in force from and after its passage."

In copying the foregoing laws we have italicized the words which we think tend most strongly to indicate the intent of the lawmakers.

I. The object of section 9, article 14, Constitution of Missouri, prohibiting an increase of compensation or fees of certain officers during their terms, is apparent. When any popular individual is elected to a public office his in-

Constitution.

fluence with the legislative department of the State is likely to be very great; and, consequently, the General Assembly may be easily persuaded that the compensation of the aforesaid popular individual is too small, and, at his suggestion, increase his salary or other compensation to an unreasonable extent. This is particularly true where the popular individual is elected to an office which enables him to reward his friends with official patronage or other official favors.

It was to prevent persons while possessed of the prestige and influence of official power from using that power for their own advantage that the framers of our organic law ordained that salaries of public officers should not be increased during the terms of the persons holding such offices.

II. We have diligently considered the Act of 1872 (Laws 1871-2, p. 13) and are unable to find anything within its provisions that justifies the contention of appellant that said act increases the salary of the circuit attorney of the city (then county) of St. Louis. Said office of circuit attorney was, by the Act of 1872, abolished in all the judicial circuits of the State, *"except in the county of St. Louis,"* and as said act did not cast any new duties upon the circuit attorney of St. Louis county, it is reasonably clear that it was the intent of the General Assembly to leave both the duties and compensation of said office of circuit attorney of St. Louis as they stood under the Acts of 1866 and 1869.

Act of 1872.

The aforesaid Acts of 1866 and 1869 were special in their nature and applicable only to one county, while the Act of 1872 has all the elements of a general law. It purports to regulate and fix the total salary of prosecuting attorneys throughout the State (except in St. Louis county), and if it can properly be classed as a general law, and we think it can, then it did not repeal or modify the provisions of the aforesaid Acts

of 1866 and 1869, which were intended to apply alone to St. Louis county.

In the case of Manker v. Faulhaber, 94 Mo. 430, it was held by this court that a general statute providing for a procedure in the circuit court to remove officers who neglect personally to devote their time to the duties of their offices, or who may be guilty of any "willful, corrupt or fraudulent violation or neglect of official duty," did not repeal a prior enactment of the General Assembly authorizing the mayor and board of aldermen of certain cities to remove city officers for the same offenses.

The doctrine of the Manker case has been reaffirmed by this court. [State ex rel. v. Wilder, 197 Mo. l. c. 35; St. Louis v. Klausmeier, 213 Mo. 130.]

This doctrine finds direct support in the following paragraph of Lewis's Sutherland on Statutory Construction (2 Ed.), vol. 1, p. 529:

"A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it."

Also in 36 Cyc. 1151:

"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the spe-

cial will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.''

Instead of there being anything in the Act of 1872 which, directly or by implication, could be reasonably construed to amend, expand, modify or repeal the aforesaid provisions of the Acts of 1866 and 1869 fixing the compensation of the circuit attorney of St. Louis county at $4000, the manifest purpose of said quoted Act of 1872 was to leave the special Acts of 1866 and 1869 undisturbed in any manner; consequently, we are forced to hold that the Act of 1872 must be left out of consideration altogether in determining the effect of the Act of 1901 upon plaintiff's salary.

III. Plaintiff seems to admit that the Act of 1901, which, in effect, directly increased that part of his salary payable out of the city treasury from $4000 to $5000, is unconstitutional in so far as it purports to take effect during his term of office, unless under some prior law his salary and fees were equal to $5000.

Salary in Lieu of Fees.

We have seen that plaintiff was, under the Act of 1855, entitled to an annual salary of $350 from the State, yet when we add this salary to the $4000 which he was receiving from the city under the Acts of 1866 and 1869, we have an aggregate of only $4350, or $650 less than the salary created by the Act of 1901.

Confronted with this situation plaintiff's resourceful counsel in their reply brief, and again *ore tenus,* have asserted that at the time the law of 1901 was enacted plaintiff was entitled to receive fees in suits of the following character: *habeas corpus, quo warranto,* actions to remove derelict officials, appeals to the St. Louis Court of Appeals in misdemeanor cases, option dealing proceedings, and actions to collect fines and penalties.

We are asked to surmise or presume that plaintiff annually earned fees in the above classes of cases equal to $650, and that as those fees were taken away from him by the Act of 1901 it was legitimate and proper to increase the amount of his salary payable out of the city treasury, as was attempted to be done by the Act of 1901.

If plaintiff earned any fees during his term which were collectible by him under any law enacted prior to the Act of 1901, and he failed to receive the fees so earned, such fact could have been inserted in the agreed case.

The agreed case contains no account or recital of any fees collected by defendant city which, prior to 1901, were collectible by or payable to plaintiff. There may have been some such fees earned by plaintiff, but we are at a loss to understand how we are judicially to know such fact. If any such fees were earned by plaintiff the suits in which they were earned were matters of public record, and there is no excuse why a statement of such fees was not inserted in the agreed case.

Under the law the agreed statement takes the place of formal pleadings. [23 Cyc. 732.] Such agreed statement is presumed to contain all the facts upon which each of the parties rely to sustain their several contentions. It was accordingly held by the Kansas City Court of Appeals, that nothing could be added to an agreed case by the introduction of evidence, and that neither party could be allowed to withdraw from the agreement without the consent of the other party. [State ex rel. Webb v. McCune, 129 Mo. App. l. c. 516.] The same doctrine is announced in 37 Cyc. 353 in the following language:

"Only the determination of questions between the parties affecting their interests may be made, and the court cannot go beyond a decision affecting such interests; and the inquiry is confined to the precise

question put in issue; and the court has no power to permit either party against the objection of the other to adduce other facts or introduce evidence of any character; and where, without proof of further facts, plaintiff's case is not made out, the court ought simply to render judgment against plaintiff without further suggestions, and it is error to make an order based upon the supposition that plaintiff might establish other facts.''

In the opinion of the writer the earning and collection of fees in the classes of cases before enumerated is too uncertain to justify an increase in a stated salary of a public official whose right to collect such fees has been discontinued by the statute creating the salary. In some years such fees might exceed $650, while in other years such fees might not amount to anything; and the mere discontinuance of the right to collect uncertain fees cannot afford a satisfactory reason for raising a specific salary payable out of the public treasury. To do so would be to fritter away the salutary provisions of section 8, article 14, of the Constitution of Missouri by pretending to take from an officer fees which he had not, and might never earn, and give him a block of solid cash out of the public treasury in lieu thereof.

IV. In their motion for new trial and in their brief here plaintiff's counsel assert that, by accepting and retaining the fees to which plaintiff was entitled prior to the enactment of the law of 1901, defendant is estopped to deny the constitutionality of the Act of 1901 giving him $650 additional salary in lieu of such fees.

*Estoppel.*

The facts upon which this alleged estoppel is based are not found in the agreed case, which, as we have seen, stands as and for the pleadings of the parties.

Instead of trying to piece out their pleadings by allegations in a motion for new trial, or by brief filed in this court, it would have been far more appropriate for plaintiff's attorneys to have taken the trial court into their confidence and set out in the agreed case the full facts upon which the alleged estoppel must rest.

However, more as a matter of grace than of proper judicial procedure, we have examined the numerous authorities cited to establish this plea of estoppel. Estoppels may, sometimes, be invoked against municipal corporations and between two or more municipal corporations. It has been held that when a municipal corporation has instituted a suit or other proceeding against an individual under the provisions of a statute, such corporation is estopped from disputing the validity or constitutionality of the law upon which the suit or proceeding is based. [Roanoke v. Berkowitz, 80 Va. 616, l. c. 623; State ex rel. v. Board of Liquidators, 28 La. Ann. 121; City of Mount Vernon v. State ex rel., 71 Ohio St. 428.]

Under our laws the mere erroneous acts of municipal officers are not sufficient to create an estoppel against a municipality. In the well considered case of Wright v. City of Doniphan, 169 Mo. 601, it was held that a city was not estopped from recovering possession of a street because it had levied and collected taxes on such street while it was in the possession of plaintiff Wright. We have not been cited to, and have not been able to find, any case which sustains the contention of plaintiff in his plea of estoppel. We, therefore, rule this point against him.

V. A further matter of estoppel urged by plaintiff is that defendant's city counselor having advised defendant that plaintiff was entitled to a salary of $5000 per annum under the Act of 1901, and defendant having paid said salary of $5000 to plaintiff during a period of more

Estoppel by Construction.

than two years, it cannot now dispute the legality of such payments.

In other words, that the practical construction placed upon the Act of 1901 by defendant's agents for a period of over two years is binding upon defendant, and it must pay him at the rate of $5000 per annum during that part of his term for which he refused to receive any salary.

The actual and practical interpretation placed upon constitutions and statutes by public officers charged with their execution is very persuasive upon the court. [Westerman v. Supreme Lodge of K. P., 196 Mo. 670, l. c. 709.] Such practical construction is usually adopted by the courts when the meaning of the constitution or statute so construed is doubtful. However, we find nothing doubtful about that provision of the Constitution now in judgment, and we are convinced that it would be an exceedingly unsafe and unwise doctrine to hold that, when the agents of a municipality have paid a larger salary to an officer than he was entitled to receive under the Constitution, such over-payment would act as an estoppel upon the municipality, and it must continue paying such excessive salary. Under such a rule constitutional limitations upon official salaries would soon fade away into an "iridescent dream." When a constitutional provision or statute is unambiguous the acts of citizens or officers in violating its provisions for any length of time, however long, cannot work its repeal. [Lucas v. Brown, 127 Mo. App. 645, l. c. 653.]

By the emergency clause of the Act of 1901, before quoted, it is apparent that said act was made to take effect immediately because it gave the circuit attorney the right to appoint an additional assistant and a stenographer.

Section 9 of said act which increased the salary of the circuit attorney of St. Louis did not and could

not, under the Constitution, take effect until the end of plaintiff's term.

It follows that the judgment of the circuit court should be affirmed, without prejudice, however, to the plaintiff, to collect from defendant in a separate action the fees, if any, earned by plaintiff between March 18, 1901, and December 31, 1904, which he would have been entitled to collect and retain if the law of 1901 had not been enacted, which fees have been collected and retained by defendant, provided defendant has no proper defense to interpose against the recovery of the fees, if any, so collected and retained by it.

It is so ordered. *Walker* and *Faris, JJ.,* concur.