Mr. John D. Rupp, Jr. Washington County Prosecuting Attorney 102 North Missouri Street Potosi, Missouri 63664
Dear Mr. Rupp:
This opinion is in response to your questions concerning the term of office of an appointed prosecuting attorney. Your specific questions are:
 1. What is the term of office for an attorney who was appointed by the Governor to fill the unexpired term of an elected prosecuting attorney who had resigned his office?
 2. [Where] the general assembly authorized a pay increase for the prosecuting attorney of certain counties that have correctional facilities in those counties to take effect in September 1995, is an attorney who was appointed in October 1995 to fill the unexpired term of the prosecuting attorney who was elected in January 1994 and who resigned in October of 1995 entitled to legally receive said salary increase? (Said salary increase imposes no new duties or responsibilities on said office holder).
Your first question essentially asks whether your term of office as the appointed prosecuting attorney will end after the next general election in November 1996, or will end in 1998, the end of the term had the prior prosecutor not resigned. Section105.030, RSMo 1994, states, in relevant part:
 105.030. Vacancies, how filled. — Whenever any vacancy, caused in any manner or by any means whatsoever, occurs or exists in any state or county office originally filled by election of the people, . . . the vacancy shall be filled by appointment by the governor . . .; and the person appointed after duly qualifying and entering upon the discharge of his duties under the appointment shall continue in office until the first Monday in January next following the first ensuing general election, at which general election a person shall be elected to fill the unexpired portion of the term, or for the ensuing regular term, as the case may be, and the person so elected shall enter upon the discharge of the duties of the office the first Monday in January next following his election, except that when the term to be filled begins on any day other than the first Monday in January, the appointee of the governor shall be entitled to hold office until such other date. This section shall not apply to vacancies in county offices in any county which has adopted a charter for its own government under section 18, article VI of the constitution. [Emphasis added].
* * *
Section 115.121, RSMo 1994, states, in relevant part:
 115.121. General election, when held — primary election, when held — general municipal election day defined. — 1. The general election day shall be the first Tuesday after the first Monday in November of even-numbered years.
* * *
Section 105.050, RSMo 1994, states, in relevant part:
 105.050. Vacancy in certain offices — how filled. — If any vacancy shall happen from any cause in the office of the attorney general, circuit attorney, prosecuting attorney or assistant prosecuting attorney, the governor, upon being satisfied that such vacancy exists, shall appoint some competent person to fill the same until the next regular election for attorney general, prosecuting attorney or assistant prosecuting attorney, as the case may be; . . . . [Emphasis added].
Section 56.010, RSMo 1994, states, in relevant part:
 56.010. Prosecuting attorney — election — qualifications. — At the general election to be held in this state in the year A.D. 1982, and every four years thereafter, there shall be elected in each county of this state a prosecuting attorney, who . . . shall hold his office for four years, and until his successor is elected, commissioned and qualified.
Also relevant is Section 56.020, RSMo 1994, which states:
 56.020. When term begins. — Prosecuting attorneys elected under the provisions of this chapter shall enter upon the discharge of their duties on the first day of January next after they shall have been elected.
The issue is whether Section 105.030 controls, and thus the appointed prosecutor's term of office is until the first day of January 1997, with an election for prosecuting attorney taking place in November 1996, or whether Section 105.050 controls, and thus the appointed prosecutor's term of office is until the first day of January 1999, with an election taking place in November 1998. It is a "well-established rule of statutory construction that where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific." O'Flaherty v. State Tax Commission ofMissouri, 680 S.W.2d 153, 154 (Mo. banc 1984); accord Reece v.Reece, 890 S.W.2d 706, 711 (Mo.App. 1995).
Given this rule, and the statutes above-quoted, it is the opinion of this office that Section 105.050, which specifically addresses vacancies in the office of prosecuting attorney, controls over the general provisions of Section 105.030.[1] As such, whether elected or appointed, a prosecuting attorney's term of office ends on the last day of December of a general election year which is an election year for prosecuting attorneys — the year 1982, A.D., and every four years thereafter (1986, 1990, 1994, 1998, 2002, etc.). In your case, the next election for prosecuting attorney should be in November 1998, just as it would be had there been no vacancy. And your term of office will have ended on January 1, 1999, when the next term begins.
We now turn to your second question. It will be helpful to provide some background information. Section 56.066.2, RSMo 1994, provided additional compensation to prosecuting attorneys of second-class counties which "contain[ed] facilities . . . operated by the department of corrections and human resources." The level of compensation depended upon the inmate population at such facilities. This provision was amended in 1995 by Conference Committee Substitute for Senate Committee Substitute for House Bill 424, 88th General Assembly, First Regular Session (hereinafter "H.B. 424"), to apply to "any county which contains facilities which are operated by the department of corrections" (emphasis added), rather than second-class counties only. The amount of additional compensation still depends upon the inmate population. The provision thus would allow prosecuting attorneys of any county in which Department of Corrections' facilities are located to receive additional compensation. The Potosi Correctional Center, operated by the Department of Corrections, is located in Washington County. Washington County is a third-class county, and as such the Washington County prosecuting attorney was not eligible to receive additional compensation under Section 56.066.2 prior to August 28, 1995, the effective date of H.B. 424.
Article VII section 13 of the Missouri Constitution states:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
The main issue[2] in this second question is the meaning of the phrase, "term of office" in the above-quoted constitutional provision. We first note that if the prior prosecutor had not resigned, he would not be entitled to the increase in compensation if and until he was reelected to the position for the term beginning January 1, 1999. This is because H.B. 424 was not in effect at the time he commenced his term of office in January 1995. State ex rel. Harvey v. Linville, 300 S.W. 1066
(Mo. 1927) (it is the law in force at the time the official begins the term of office which determines his compensation); Folk v.City of St. Louis, 157 S.W. 71 (Mo. 1913) (addressing Article XIV section 8 of the Constitution of 1875, the predecessor to Article VII section 13); Attorney General Opinion No. 92, Vogel, January 29, 1953.
The question is whether your term of office, for the purposes of Article VII section 13, began on January 1, 1995, or your term began on the date you took office after appointment by the governor, which you report to have been November 1, 1995. In the first instance, you would not be entitled to the increase in compensation of H.B. 424 during your current term of office. In the second instance, your term would have begun after H.B. 424 was in effect; thus you would be entitled to the increase in compensation during this term. Which is the "term of office" in this instance?
In Attorney General Opinion No. 62, Milfelt, June 30, 1961, this office addressed a similar issue. There, Jefferson County became a county of the second class on January 1, 1961. Though it did not have a county auditor before, it was then authorized to have such an officer. The elections for county auditors were every four years. The last such election had been in 1958, with terms of office beginning in January 1959. In the 1959 legislative session, the compensation of auditors for second-class counties was increased from $4,000 to $5,000. Auditors who were in office before the bill authorizing the increase was effective clearly were not entitled to the increase during their current term. The governor appointed a county auditor for Jefferson County, who took office January 1, 1961. The issue was when the appointed auditor's "term of office" began — January 1959 or January 1961. We opined that the term of office, for the purposes of Article VII section 13, began in January 1959, and thus the appointed auditor was not entitled to the $1,000 increase in compensation during his current term.
In Attorney General Opinion Letter No. 170-87, we stated, regarding Article VII section 13:
 The phrase "term of office" has been interpreted to mean the statutory length of time for the term of the particular office, whether the actual holder of that office changes during the term or not. (citing State ex rel. Emmons v. Farmer, 196 S.W. 1106 (Mo. banc 1917)).
Thus it is the opinion of this office that your current term of office, for the purposes of Article VII section 13, began on January 1, 1995. As such, you are not entitled to the increase in compensation authorized by H.B. 424 during this term of office, which will have ended January 1, 1999.
CONCLUSION
It is the opinion of this office that pursuant to Section105.050, RSMo 1994, the next election for Washington County Prosecuting Attorney will be in November 1998, and the Washington County Prosecuting Attorney is not entitled to the increase in compensation provided by Conference Committee Substitute for Senate Committee Substitute for House Bill 424, 88th General Assembly, First Regular Session (1995) during the current term of office.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] You indicate some concern that Section 105.050 was repealed by House Committee Substitute for Senate Substitute for Senate Bill 250, 82nd General Assembly, First Regular Session (1983). It does appear that there is inconsistency in that bill as to which section is repealed — 105.030 or 105.050. But in looking at the bill as a whole, it appears that at only one place does "105.050" appear rather than "105.030." Elsewhere, "105.030" is used, and the section amended is 105.030. It is our opinion, and apparently that of the Revisor of Statutes, that the single "105.050" is a typographical error and thus 105.050 was not repealed.
[2] You note that there are no additional duties imposed by the legislature in connection with the increase in compensation. "[T]he courts have indicated that the compensation of officers may he increased during their terms if such is compensation for the performance of new and additional duties not ordinarily germane to the office." Attorney General Opinion Letter No. 99-84 (citing Mooney v. County of St. Louis, 286 S.W.2d 763, 766 (Mo. 1956); accord Hawkins v. City of Fayette, 604 S.W.2d 716, 720-21
(Mo.App. 1980).