[Civil No. 4297.   Filed January 20, 1941.]

[109 Pac. (2d) 610.]

SOUTHERN PACIFIC COMPANY, a Corporation, Appellant, v. GILA COUNTY, a Political Subdivision and Municipal Corporation of the State of Arizona, and ELTON S. BRYANT, Treasurer and Ex-officio Tax Collector of Gila County, Arizona; CITY OF GLOBE, a Municipal Corporation, and TOWN OF MIAMI, a Municipal Corporation, Appellees.

500

Messrs. Baker & Whitney. and Mr. Lawrence L. Howe, for Appellant.

Mr. Edward Y. Weeks, Mr. Cullen A. Little and Mr. George F. Senner, for Appellees.

LOCKWOOD, C. J.—This is an appeal by Southern Pacific Company, a corporation, hereinafter called plaintiff, from a judgment against it in an action which it had brought against Gila county. The City of Globe, a municipal corporation, and the Town of Miami, a municipal corporation, were brought in as defendants by order of the court. The facts in the case are not in dispute, and may be stated as follows:

Three separate suits were filed by plaintiff against Gila County for the purpose of recovering taxes paid under protest to the county for the benefit of the City of Globe and the Town of Miami, being numbered 7775-B, 7783-B and 7894-B, in the lower court. The first was to recover taxes alleged to have been paid for the years 1934, '35 and '36. The other two were to recover taxes paid for the year 1937. The complaint is based upon the theory that the tax rate levied by the City of Globe and the Town of Miami for each and all of these years exceeded the maximum authorized by law. This claim is based upon the provisions of section 16–213, Arizona Code of 1939, which reads as follows:

"Council may levy certain taxes. The common council shall have power to levy and collect annually, upon the assessed value of the real and personal property within the town, as shown by the equalized assessment roll of the current year, except such as is, or may be, exempt from taxation under the laws of the state, in each year, the following taxes: Not exceeding four (4) mills on the dollar of such assessed valuation to defray the salaries of officers, and the ordinary and contingent expenses of the corporation, not herein otherwise provided for; not exceeding twelve (12) mills on the dollar of such assessed valuation, for the purpose of constructing and repairing streets, sewers, sidewalks and crosswalks, or bridges and culverts, upon such streets and sidewalks; not exceeding four (4) mills on the dollar of such assessed valuation, to defray the interest of the public debt of the town."

It is not disputed that the maximum rate fixed by this section was exceeded for each year for which the taxes paid are sought to be recovered by plaintiff, and that if said section was in force at the time of the levy of the taxes, plaintiff is entitled to recover the excess. It is urged, however, by defendants that this section was not in force at the time of the imposition and collection of the taxes aforesaid, for the reason that it previously had been repealed. It is admitted by both parties that the legislature had never expressly repealed it, but defendants claim it had been repealed by implication. It is not disputed by plaintiff that a statute may be repealed by implication, as well as by direct language, in a subsequent act of the legislature, and that such repeals do frequently occur, but it is also urged, as we have said in *Rowland* v. *McBride,* 35 Ariz. 511, 281 Pac. 207, 210:

"It should also be borne in mind that 'repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction.' "

When the question of repeal by implication arises, if the later statute and the former can be construed so that both will be operative, it is the duty of the court to give them such a construction. *Biles* v. *Robey,* 43 Ariz. 276, 30 Pac. (2d) 841. It is only when upon no reasonable construction both can be operative that it is our duty to hold that the later act repeals the former by implication. *Burnside* v. *School District No. 27,* 33 Ariz. 1, 261 Pac. 629.

Section 16-213, *supra,* came into our law in the Revised Statutes of 1901 as paragraph 564 thereof, and was continued, with certain variations not going to the issues in this case, in the Revised Statutes of 1913 as paragraph 1850. After 1913, and before the adoption of the Revised Code of 1928, the legislature passed a number of acts which defendants urge most

strenuously are so inconsistent with paragraph 1850, *supra,* that it must be assumed it intended to repeal that paragraph. This argument would have considerable force were it not for the fact that the Code of 1928 is not a compiled Code, as is that of 1939, but is a revised one, and we have held all sections of a revised Code are entirely new measures and not a mere carrying forward of some previous legislation, and depend for their validity solely on the action of the legislature at that time and not on previous legislation. *Ellery* v. *State,* 42 Ariz. 79, 22 Pac. (2d) 838; *Hoy* v. *State,* 53 Ariz. 440, 90 Pac. (2d) 623. Since paragraph 1850, *supra,* was re-enacted in the 1928 Code as section 379 thereof, we must consider it as of equal validity with any other part of the Code, so far as the time at which the various provisions of law now found in that Code first came into our law is concerned. The question before us then is, can the various sections of the Code of 1928 involved be given an interpretation which will reconcile them and make them all practicably workable, for if they can be, the mere fact that such an interpretation may work a hardship upon defendants and other municipalities situated like them cannot affect our decision, the only remedy being an appeal to the legislature. *Arizona Eastern R. Co.* v. *Matthews,* 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149. It is only if it appears that these various sections cannot be so interpreted and reconciled so that they are workable, and we must choose between them, that in order to determine which would prevail, we can and should review the history of the various sections in order to ascertain, if possible, the intent of the legislature, for as we have said repeatedly it is that intent, legally ascertained, which must prevail. *Coggins* v. *Ely,* 23 Ariz. 155, 202 Pac. 391; *Automatic R. M. Co.* v. *Pima County,* 36 Ariz. 367, 285 Pac. 1034; *Hicks* v. *Krigbaum,* 13 Ariz. 237, 108 Pac. 482.

On examining the various sections of the law cited by counsel for defendants as being in conflict with the provisions of section 16–213, *supra,* we are of the opinion that they can all be reconciled and made workable. These sections are lengthy and we do not quote them in full, but state merely their general effect. Under Arizona Code of 1939, which is the same as Revised Code of 1928 on the points discussed herein, the assessment roll as made by the county assessors of the different counties and corrected by the county and state boards of equalization, is made automatically the assessment roll of the various municipalities of the different counties. This roll is not finally complete until final action is taken by the state board of equalization and it has transmitted to the board of supervisors a statement of the changes which it has ordered made in the assessment, and the supervisors have made these changes. This may be done as late as the second Monday of August in each year. Secs. 73–601, 73–109 and 73–422, Arizona Code 1939. It, therefore, appears that the assessment rolls to be used by the municipalities may not be completed before the second Monday in August. Within five days after this, these rolls must be delivered to the respective municipalities and not until then may the governing bodies thereof compute the rates of taxation to be levied, and certify them to the board of supervisors. This levy must be complete by the third Monday in August. Secs. 73–604 and 73–605, Arizona Code 1939. Were this all, it would be simple enough to reconcile it with section 16–213, *supra,* for at the appropriate time the governing body of the municipality could make a levy not exceeding the limitations of the section last cited. There are, however, other provisions of the Code of equal validity, since they were re-enacted at the same time as section 16–213, *supra.* They comprise what is commonly known·

as the budget law. Under them it is the duty of the governing body of each municipality to prepare a tentative budget of expenses for the ensuing year not later than thirty days prior to the day on which the tax levy is to be made, to give due notice of a hearing thereon to the taxpayers, and one week prior to the day on which they levy taxes to hold such hearing and formally adopt a budget. The budget adopted at this final hearing fixes the amount of taxes to be raised for the ensuing year, and this amount may not be exceeded for any purpose except for emergencies, unless the money is on hand to meet other obligations before they are incurred. Further than that, municipalities are prohibited from raising by taxation in any one year more than 10 per cent. in excess of the amount raised in the previous year, excluding certain specified items. Secs. 73–502 to 73–505, Arizona Code 1939.

Can the governing bodies of the municipalities comply with both section 16–213, *supra,* and the other sections above cited? The objection is made that they are compelled to fix the budget before they can know definitely the valuation of the property within the municipality and may thus unwittingly exceed the limitations of 16–213. On a careful comparison and consideration of all of the sections, we think this is not so. The rate must be fixed on or before the third Monday in August. The latest date on which the final valuation may be given to the municipalities is within five days after the second Monday in August. Even if the other officers concerned take the longest period of time permitted by the law, the governing bodies of the municipalities will know definitely the valuation of the property therein two days before the latest date on which they must levy the tax. If the budget can be finally adopted during those two days, then it is possible to comply with both the budget law and section 16–213, *supra.* The date for the final hearing on the

budget must be set for not less than one week prior to the date on which the taxes are levied, but such hearing may be continued from time to time, for the statute says "when such hearing has been concluded, the estimate as finally determined upon shall be adopted." It is, of course, the duty of the governing bodies to operate within all sections of the law, if it is possible for them to do so, and there will be time for them to finally fix and approve the budget after they know definitely the valuation of the property, and still to fix the tax rate within the time provided by law. Since this is the case, we hold that it is possible for the public authorities to comply with both the budget law and section 16–213, *supra.*

It is urged that since the legislature, in section 73–502, Arizona Code of 1939, permitted an increase of 10 per cent. in the amount of taxes levied in each succeeding year, it must be assumed that it intended thereby to supersede 16–213, *supra.* This does not follow, for the legislature did not direct the cities to exceed the previous year's revenue by 10 per cent., but limited any raise to that amount. Instead of being a substitute for section 16–213, *supra,* it was an additional limitation on the taxing power of the municipalities, for under its terms if any of them levied less than the rate permitted by section 16–213 for a given year, under the additional limitation it could not raise its tax revenue the next year more than 10 per cent., even though such raise did not reach the full limit authorized by section 16–213.

We appreciate that the law will work a hardship upon the municipalities whose valuations were greatly reduced during the depression and which did not attempt to cut their expenses in accordance therewith, but the remedy is legislative and not judicial. If the legislature desires to remove the limitation of section 16–213, *supra,* it, of course, may do so, but until

it does a taxpayer may invoke the protection of the existing law, regardless of its effect upon the finances of the municipalities.

The City of Globe or Town of Miami, were not necessary parties. *Maricopa County* v. *Hodgin,* 46 Ariz. 247, 50 Pac. (2d) 15, 101 A. L. R. 793. But we think the court had the discretion, under the circumstances, to bring them in, since eventually they are responsible to Gila county for any refund it must make to plaintiff.

There are other matters raised by the briefs, but they are in effect determined by what we have already said, and need not be discussed.

Since, as we have shown, the legislature re-enacted all of the various provisions of the law to which we have referred as a part of the Code of 1928, and since they can all be construed and operated in such a manner as to be consistent with each other, and since it is admitted that the limitations laid down in section 16–213, *supra,* were exceeded by the Town of Miami and the City of Globe, it is necessary that the judgment of the superior court of Gila county be reversed, and the case remanded with instructions to proceed on the principles laid down in this opinion.

McALISTER and ROSS, JJ., concur.