[Civil No. 4818. Filed May 10, 1945.]

[158 Pac. (2d) 661]

C. A. HUDSON, Doing Business as Hudson Tire Co., Petitioner, v. WILLIAM T. BROOKS, as State Treasurer of the State of Arizona, Respondent.

Messrs. Locke and White, for Petitioner.

Mr. John L. Sullivan, Attorney General, and Mr. Earl Anderson, Assistant Attorney General, for Respondent Treasurer.

Mr. Charles Strouss, *Amicus Curiae,* for State Auditor.

Mr. R. G. Langmade, Assistant Attorney General, *Amicus Curiae,* for State Highway Department.

STANFORD, C. J.—Petitioner filed in this court, in the first instance, his petition for a writ of *mandamus* upon which an alternative writ was issued directing respondent to pay a certain warrant presented to him for services rendered to the State Highway Department, or show cause why the same should not be paid.

When the services were rendered by petitioner he duly filed his claim with the State Highway Department. The claim was then duly audited by Ana Frohmiller, State Auditor, and she issued and approved a warrant for same dated April 17, 1945, payable to petitioner and chargeable against the State Highway Fund. Thereafter the Governor of Arizona duly approved the warrant. Petitioner thereupon, on April 27, 1945, presented the warrant to respondent for payment, who refused to honor or pay the same.

By his reply to this court of why he should not pay the warrant in question, respondent sets out that funds had not been previously appropriated for the payment of same, and that he is prohibited to make payment by Section 4–308, Arizona Code Annotated 1939, which section reads as follows:

"*Drawing of warrants.*—In all cases of claims duly audited and allowed by the auditor, and of specific appropriations, salaries, pay, or expenses, provided for by law, the auditor shall draw a warrant on the treasurer of the state for the amount as allowed in the

form required by law, and notify the state treasurer. No warrant shall be drawn by the auditor or paid by the treasurer unless the money has been previously appropriated; nor shall the whole amount drawn for or paid under one budget item ever exceed the amount appropriated by law for that purpose. . . . ''

Respondent's further response to the *mandamus* of this court is:

"II. The warrant held by the C. A. Hudson Tire Company shows on its face it has been drawn on the appropriation described as the State Highway Fund, a continuing appropriation established by an Act of the Legislature in 1927, set forth in Article 3, Chapter 59, Arizona Code Annotated 1939.

"III. The authority for the issuance of said warrant was derived from a budget made in June, 1944, by the State Highway Commission pursuant to said Article 3 of Chapter 59, Arizona Code Annotated 1939.

"IV. By virtue of Chapter 86, Session Laws of 1943, all continuing and recurring appropriations were abolished as of July 1, 1943, and therefore there was no appropriation out of which said warrant can be paid.

"V. Section 4 of said Chapter 86 delegates all authority for budget making and allocation of funds to the State Auditor, thus repealing all authority of the State Highway Commission to budget or allocate funds."

The respondent appearing through the duly constituted counsel for various state departments, the Honorable John L. Sullivan, Attorney General of Arizona, contends that the only question involved herein is whether Sections 59–302 and 59–303, Arizona Code Annotated 1939, were repealed by Chapter 86, Session Laws of 1943.

Section 59–302 sets forth what constitutes the State Highway Fund. Section 59–303 states the use or purpose to which such fund may be applied. Under said sections there was a continuing and recurring appropriation of the Arizona Highway Fund.

The respondent further contends that in 1943 by Section 17, Article 4, Chapter 86, the legislature of Arizona abolished said continuing or recurring appropriations previously made for the use of any state department or agency.

Respondent still further claims that by reason of the enactment of Chapter 86, Laws of 1943, the state treasurer must decline to make payment of the warrant in question.

For the purpose of a better consideration of Chapter 86, *supra,* we quote the title of same. Also Section 12, Article 3, and Section 17, Article 4, of said Chapter 86, being the sections relied on by respondent in support of his refusal to pay:

"An Act relating to state finances, budgeting and accounting, and repealing Articles 1 and 2 of Chapter 10, Arizona Code of 1939, and all other acts or parts of acts in conflict herewith, and all continuing or recurring appropriations." . . .

"Sec. 12. *Unauthorized Obligation.* No person shall incur, order or vote for the incurrence of any obligation against the state or for any expenditure not authorized by an appropriation and an allotment. Any obligation so raised in contravention of this Act shall not be binding against the state but shall be null and void and incapable of ratification by any executive authority to give effect thereto against the state. But every person incurring, or ordering or voting for the incurrence of such obligations, and his bondsmen, shall be jointly and severally liable therefor. Every payment made in violation of the provisions of this Act shall be deemed illegal, and every official authorizing or approving such payment, or taking part therein, and every person receiving such payment, or any part thereof, shall be jointly and severally liable to the state for the full amount so paid or received." . . .

"Sec. 17. *Continuing and Recurring Appropriations Repealed.* Effective July 1, 1943, all continuing or recurring appropriations heretofore made for the use of any state departments or agency from or consist-

ing of any specified source of revenue or a percentage of the receipts and collections of specified revenue, or a percentage of, or amounts equal to a stated percentage of specified expenditures are hereby abolished and repealed, and the total amount of all receipts and collections from any and all sources except those separate funds provided for in this Act, shall be paid into the general fund of the state without any deductions whatsoever to be applied to the purpose and objects for which they were levied or assessed, but always subject to the regulation and control of this Act and of any appropriation Act dealing therewith. Articles 1 and 2 of chapter 10, Arizona Code of 1939, (Articles 1 and 2, chapter 60, Revised Code of 1928), and all Acts and parts of Acts in conflict herewith are hereby repealed.''

The budget and financial code governing state departments is set forth in Articles 1 and 2 of Chapter 10, of our Code of 1939. The budget and financial code of the State Highway Department is found in Article 3, Chapter 59, of our Code. The title of Chapter 86, Session Laws of 1943, above quoted, failed to include in it any specific language indicating an intent to amend, alter or repeal the appropriation therein made. As stated heretofore, the title of Chapter 86 relates ''to state finances, budgeting and accounting, and repealing Articles 1 and 2 of Chapter 10, Arizona Code of 1939, and all other acts or parts of acts in conflict herewith, and all continuing or recurring appropriations.'' The title does not mention Article 3, Chapter 59 of our code, which has reference to our highway department.

Article 4, part 2, section 13, of our constitution reads:

''*Title.*—Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.''

Article 4, part 2, Section 14 is:

"*Legislation by reference.*—No act or section thereof shall be revised or amended by mere reference to the title of such act, but the act or section as amended shall be set forth and published at full length."

██ In our case of *Taylor* v. *Frohmiller,* 52 Ariz. 211, 79 Pac. (2d) 961, 964, in respect to these constitutional prohibitions we say:

"The title of the act plays a very important part therein for without some title there can be no valid legislation. The scope of the title is within the discretion of the legislature; it may be made broad and comprehensive, and in this case the legislation under such title may be equally broad; or, the legislature, if it so desires, may make the title narrow and restricted in its nature, and in such case the body of the act must likewise be narrow and restricted. As was said by Justice Cooley, in his monumental work on Constitutional Limitations, 7th Ed. page 212:

" 'As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so.' "

In that case we also said:

" . . . We have said frequently that the legislature is the most important of the three great branches of government, and that in construing its acts, we are to use every effort to ascertain its intention and give force and effect to such intention. But there is one power which is superior to all others, and that is the sovereign people, speaking through their constitution.

When their mandate is clear and unambiguous, there is but one thing for the court to do, and that is to follow such mandate, regardless of the results. . . . ''

Chapter 86, Laws of 1943, does not in terms refer to Article 3 of Chapter 59, and only through the general repealing provision of Article 4, Section 17, may it be considered as having any application. The only law specifically repealed is Articles 1 and 2 of Chapter 10 of the 1939 code.

It must be borne in mind that the highway department was not governed nor controlled by the old financial code, Articles 1 and 2 of Chapter 10, Arizona Code Annotated 1939. Therefore, the repeal of those articles in no way affected Article 3 of Chapter 59, and particularly Sections 59-305 and 59-306, Arizona Code Annotated 1939, containing the special provisions authorizing and directing the commission to make budgets for the highway department. It is evident that the legislature was of the belief that the right of the highway commission to budget was unaffected by the provisions of Chapter 86. It adopted at the 1943 session house bill number 223, appearing at page 358, Session Laws of 1943. This bill, adopted the day following the passage of Chapter 86, amended Sections 59-305 and 59-306 in some particulars, but did not attempt to take away from the highway commission its powers of budgeting. The bill was vetoed by the governor, but it does disclose the legislative intent that notwithstanding the general budgeting features of Chapter 86, that highway department budgets and accounting were to be continued under the old law, and that the new act did not, by implication, repeal the budget rights granted to the highway commission by the sections referred to.

The special continuing appropriation granted to the highway department contained in Section 59-302, Arizona Code Annotated 1939, had been in force since 1927. By means of this appropriation the high-

way department had a fixed and rather determined annual income which made it possible to plan for the future. It was not dependent upon the biennial appropriations from the legislature. Under this system it had been able to secure federal assistance and had designed, constructed and built up a great network of roads. Under these circumstances, must we presume that the legislature intended by the very general provisions of Section 17, Article 4, of Chapter 86 to repeal this special appropriation which experience had demonstrated to be entirely worth while, workable and businesslike? If such was the legislative intent it must be enforced. The rule of construction, however, is that a general act will not be held to repeal a special act unless the purpose and intent of the repealing act is manifest. *Industrial Commission* v. *Arizona State Highway Comm.,* 40 Ariz. 163, 10 Pac. (2d) 1046; *Favour* v. *Frohmiller,* 44 Ariz. 286, 36 Pac. (2d) 576. *Rowland* v. *McBride,* 35 Ariz. 511, 520, 281 Pac. 207, 210, from which we quote:

"The rule is that a later act, general in its terms, will not be construed as repealing a prior act treating in a special way something within the purview of the general act. In other words, a special or particular statute is not repealed by a general statute, unless the intent to repeal is manifest. *Hemmer* v. *United States,* 8 Cir., 204 Fed. 898; *Peairs* v. *Chambers,* 28 Cal. App. 584, 153 Pac. 410; *Reed Orchard Co.* v. *Superior Court,* 19 Cal. App. 648, 128 Pac. 9, 18; *State* v. *Peter,* 101 Minn. 462, 112 N. W. 866; *Folk* v. *City of St. Louis,* 250 Mo. 116, 157 S. W. 71."

Since Chapter 86 did not specifically repeal the old highway department appropriation, we would have to find, if we were to hold that it was repealed, that this had been effected by implication resulting from the omnibus repeal provision. It is a cardinal rule of statutory construction that repeals by implication are not favored. *Boyd* v. *Huntington,* 215 Cal. 473,

11 Pac. (2d) 383; *Ferch* v. *People,* 101 Colo. 471, 74 Pac. (2d) 712. In Rowland v. McBride, *supra,* we further stated:

"It should also be borne in mind that 'repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction.' 25 R. C. L. 918, § 169. See, also, *City of Tombstone* v. *Macia,* 30 Ariz. 218, 245 Pac. 677, 46 A. L. R. 828. . . . "

█ In determining the effect of Chapter 86 and the legislative intent we have the right and duty to consider other measures passed by the legislature at the same session, and pertaining to the subjects purportedly included in the act before us. *State* v. *Jaastad,* 43 Ariz. 458, 32 Pac. (2d) 799; *Weber* v. *Pinyan et al.* (Cal. App.), 61 Pac. (2d) 954; *Atchison & Eastern Bridge Co.* v. *Board of County Com'rs,* 150 Kan. 24, 91 Pac. (2d) 34. Rowland v. McBride, *supra,* quoting.

" . . . Another rule is 'that different statutes bearing upon the same subject-matter should be so construed, if possible as to give effect to all.' *Gideon* v. *St. Charles,* 16 Ariz. 435, 146 Pac. 925, 927."

█ We find that the legislature considered that several existing continuing appropriations would not be affected by the general repeal features of Chapter 86. Through bills introduced after the introduction of house bill 69, now Chapter 86 of the 1943 laws, the following continuing appropriations were repealed by special acts: Chapter 14, Session Laws 1943, repealed the continuing appropriation for the Social Security and Welfare Board; Chapter 15 repealed the continuing appropriation for the collection of income tax; Chapter 19 repealed the 4% continuing appropriation for the collection of sales tax. These measures evidence a legislative construction of Section 17, Article 4, of Chapter 86 to the effect that a special continuing appropriation, such as that enjoyed by the

highway department, is not to be considered repealed by the general provisions of Section 17, but only through a special act for that purpose.

Taking all these factors into consideration, we are constrained to hold that Chapter 86 does not repeal Article 3 of Chapter 59. It is our view that Article 3 of Chapter 59, and all of its provisions, are still in full force and effect. The continuing appropriation to the highway department has been and is existing, unaffected by the attempted general repeal of continuing or recurring appropriations. The department is not controlled by the budget features of Chapter 86. It has had the right to and may continue to function, as in the past, making up and adopting its own budgets, regardless of the provisions of Chapter 86. Nor will the special continuing appropriations be superseded by any appropriation appearing in the general biennial appropriation bill until the existing continuing appropriation is constitutionally repealed by the legislature. Art. 4, pt. 2, Section 20, Constitution of Arizona. *Sellers* v. *Frohmiller,* 42 Ariz. 239, 24 Pac. (2d) 666; *Caldwell* v. *Board of Regents,* 54 Ariz. 404, 96 Pac. (2d) 401.

The alternative writ heretofore issued in this cause is now made peremptory.

LaPRADE and MORGAN, JJ., concur.