165 P.2d 306

**SHAPLEY et al. v. FROHMILLER et al.**

No. 4871.

Supreme Court of Arizona.

Jan. 25, 1946.

John L. Sullivan, Atty. Gen., Harry O. Juliani, Chief Asst. Atty. Gen., and John W. Rood. Asst. Atty. Gen., for petitioners.

Charles L. Strouss, of Phœnix, for respondents.

STANFORD, Chief Justice.

The petitioners constitute the state board of beauty culturist examiners. The respondents are the duly elected, qualified, and acting state auditor and state treasurer. The board was created by Chapter 52, Session Laws 1935, now incorporated as Article 3, Chapter 67, A.C.A.1939, being Sections 67-301 to 67-329, inclusive, as amended by Chapter 75, Session Laws 1941. The act creating the board relates to the practice of beauty culture, provides for the examination of applicants, licensing, and establishes fees therefor. It is contemplated by the legislature that the board would be self sustaining in that there was appropriated to the board ninety per cent of its fees for its maintenance. This ninety percent was to be deposited with the state treasurer and by him to be maintained in a separate and permanent fund for the board. This is made to appear from Sections 26 and 27, Chapter 52, Session Laws 1935, being Sections 67-326 and 67-327. These sections read as follows:

"67-326. *Disposition of fees.*—All moneys received by the board under the provisions of this act shall be paid to the secretary, who shall receipt therefor. At the end of each month he shall report to the state auditor the total amount received by him under the provisions of this act, from all sources, and shall deposit the said amount with the state treasurer, who shall place the same in a special fund to be known as 'board of beauty culturist examiners' fund.' Ninety (90) per cent of all money so paid to the state treasurer shall remain and be a separate and permanent fund for the maintenance of the board and for the enforcement of the provisions of this act, and the remainder shall be credited to the general fund of the state."

"67-327. *Compensation of members of board.*—(a) Each member of the board shall receive a salary of one hundred and thirty-five dollars ($135) per month and necessary travel expenses.

"(b) The board shall have authority to employ such inspectors and clerical help as may be necessary to carry out the provisions of this act, and to fix their compensation. All salaries and expenditures hereby authorized shall be paid out of the board of beauty culturist examiners' fund."

In 1943 the legislature enacted a law known as "the budget and financial admin-

istration Act of 1943" and repealed Articles 1 and 2 of Chapter 10, A. C. A. 1939, relating to public finances. See Chapter 86, Session Laws 1943. By Section 7 of Article 4 this Act all balances or appropriations provided for the departments and agencies of the state existing at the end of the fiscal year (and not incumbered) were declared to be lapsed and reverted to the general fund of the state. Section 17 of Article 4 of the Act provided that all continuing or recurring appropriations heretofore made for the use of any state departments or agencies from or consisting of any specified source of revenue or percentage of the receipts and collections of specified revenue, or a percentage of, or amounts equal to a stated percentage of specified expenditures were abolished and repealed and were directed to be paid into the general fund. At the close of the fiscal year, June 30, 1945, the board had on deposit with the state treasurer the sum of $6,033.20 which had not been expended or incumbered. At the conclusion of the fiscal year, respondents considered the fund theretofore held for the credit of the board to be lapsed, and they caused the same to be credited to the general fund, and refused to permit the petitioners to use same.

In this court petitioners secured the issuance of an alternative writ of mandamus directed to the respondents, commanding them to transfer by proper book entries from the credit of the general fund to the credit of the special fund of the board the amount of the previous credit, or show cause why they had not done so. In response to the writ respondents filed a motion to quash upon the ground that the petition for the writ did not state a claim upon which relief could be granted.

It is the contention of respondents that the provisions of Chapter 86, Session Laws 1943, repealed and abolished the special fund created by Section 67-326, A. C. A. 1939, and repealed and abolished the continuing appropriation to the board. On the other hand petitioners contend that said Chapter 86 did not repeal and abolish this special fund. Petitioners assert that Section 17, Article 4 of said Chapter 86 is unconstitutional insofar as it attempts to abolish and repeal the continuing appropriation made for the use of the board in the special act of the legislature creating the board and appropriating ninety percent of its fees for its use and maintenance. In this behalf petitioners assert that the title to Chapter 86 is wholly insufficient and falls within certain constitutional prohibitions. The title of said Chapter 86 reads as follows: "An Act relating to state finances, budgeting and accounting and repealing Articles 1 and 2 of Chapter 10, Arizona Code of 1939, and all other acts or parts of acts in conflict herewith, and all continuing or recurring appropriations."

The constitutional provisions upon which reliance is had are Sections 13 and 14 of Article 4, Part 2.

Section 13 states: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

Section 14 states: "No act or section thereof shall be revised or amended by mere reference to the title of such act, but the act or section as amended shall be set forth and published at full length."

█ We believe that our decision in the case of Hudson v. Brooks, Ariz., 158 P.2d 661, is controlling in the present case. In the Hudson case we pointed out that the highway department was never governed by the provisions of Articles 1 and 2, Chapter 10, A. C. A. 1939 (the old financial code) but rather that the affairs of the highway department were governed by a special budget law under Article 3, Chapter 59, A. C. A. 1939, and that the repeal of Articles 1 and 2, Chapter 10, in no way affected Article 3, Chapter 59 (Id.). Likewise it is apparent that the state board of beauty culturist examiners had a special financial arrangement and did not come under the provisions of Articles 1 and 2 of Chapter 10. This is made to appear from a study of the history of the two enactments. Article 2 of Chapter 10 (old financial code) came into existence through the enactment of Chapter 35, Session Laws 1922. As before noted, Article 3 of Chapter 67, relating to beauty culture, came into existence by the enactment of Chapter 52, Session Laws 1935. By the special provisions of said Chapter 67, Article 3, it was not contemplated that the board in its financial setup was to be governed by the provisions of the old financial code. Various provisions of the two acts are not reconcilable. For instance, the board by the provisions of subsection (e) of Section 67-324 is required to report to the governor annually on or before the first Monday in January. This report was for the calendar year and among other things was to contain a statement of the receipts and disbursements of the board. By Section 10-101, Id. (old financial code), various state boards and agencies were required to report their financial condition to the governor on or before the first day of October of each year. The period to be covered by the report was the prior fiscal year. The board of beauty culturist examiners was not required to submit a budget as were those boards and agencies governed by Chapter 10. One other provision of Article 2, Chapter 10, being Section 10-215, is in direct conflict with Chapter 67, Article 3. Said Section 10-215 provides that: "Authority to act not an appropriation.— The authorization by any law of the employment of persons and the performance of sundry duties and things and the payment of salaries, wages, compensation, costs and expenses, and relating to the

powers and duties of any officer or state agency, shall not be construed as an appropriation of any money for such purposes, but the payment for the same shall be only upon the authority of the proper officer, out of the general fund and the appropriation for the proper department, institution or office, as authorized in the general appropriation bill."

This section is in conflict and has no application to Section 67-327, Id., relating to salaries and expenditures permitted to the beauty culturist examiner's board. The board of beauty culturist examiners was created by a special act giving special powers and prescribing special duties. The act creating the special fund of the board was not directly repealed by Chapter 86. It was not repealed by implication for the reason set forth in Hudson v. Brooks, supra. We believe that the legislative intent was not to repeal by implication as we pointed out in the Hudson case. The legislature by the use of special acts to repeal other continuing and recurring appropriations evidenced an intent that the omnibus repealing clause was not all inclusive and effective. The repealing clause in Chapter 86 is general in its terms and cannot be construed as repealing a prior act treating in a special way something within the purview of the general act. A special and particular statute is not repealed by a general statute unless the intent to repeal is manifest. Rowland v. McBride, 35 Ariz. 511, 285 P. 707.

Similar to the situation in the Hudson case, the legislature after passing Chapter 86, passed Senate Bill No. 11, being Chapter 8, Acts of the Second Special Session, Sixteenth Legislature 1944, purporting to amend Section 67-327, relating to the compensation of members of the board of beauty culturist examiners, therein raising the salaries of the board members, and in Section (b) thereof reaffirmed the authority of the board to employ inspectors and clerical help and fix their compensation, and further provided that "all salaries and expenditures hereby authorized shall be paid out of *the board of beauty culturist examiners'* fund," thereby recognizing that the special and permanent fund of the board as originally created was still in existence.

We hold that the legislature by the enactment of Chapter 86, Session Laws 1943, did not repeal the continuing and recurring appropriation made by Section 67-326, A. C. A. 1939, for the use and benefit of the state board of beauty culturist examiners. The motion to quash the alternative writ of mandamus is denied and the writ is made peremptory.

LaPRADE and MORGAN, JJ., concurring.