422 P.2d 108

**ARIZONA PODIATRY ASSOCIATION, an Arizona non-profit corporation, and Kenneth S. Garvin, Appellants,**

v.

**DIRECTOR OF INSURANCE of the State of Arizona, Arizona Blue Shield Medical Service, an Arizona non-profit medical service corporation, and Associated Hospital Service of Arizona, an Arizona non-profit hospital service corporation, Appellees.**

No. 8676.

Supreme Court of Arizona.

In Banc.

Dec. 22, 1966.

Rehearing Denied Jan. 31, 1967.

Allen L. Feinstein, Paul W. LaPrade, Phoenix, for appellants.

Darrell F. Smith, Atty. Gen., E. Gene Wade, Mesa, for Director of Insurance.

Richard H. Elliott, Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, for Arizona Blue Shield Medical Service and Associated Hospital Service of Ariz.

McFARLAND, Justice:

This is an appeal by the Arizona Podiatry Association and Kenneth S. Garvin from a judgment of the Superior Court of Maricopa County dismissing appellants' petition on appeal from an order of the Director of Insurance of the State of Arizona, and from an order granting summary judgment in favor of appellees, Arizona Blue Shield Medical Service and Associated Hospital Service of Arizona.

This appeal was perfected on July 26, 1965, by filing a notice of appeal and bond for costs on appeal. This date is subsequent to the creation and commencement of operation of the Court of Appeals. The case was filed with the clerk of this court, having come directly from the Superior Court, presumably under authority of A.R.S. § 20–166, which provides as follows:

"A. An appeal from the director shall be taken only from an order on hearing or an order refusing a hearing. A person aggrieved by any such order may, within thirty days after the order has been mailed or delivered to the persons entitled to receive it, or within thirty days after the director's order denying rehearing or reargument has been so mailed or delivered, appeal from such order on hearing or such order refusing a hearing by petition to the superior court for Maricopa county. * * *

  *   *   *   *   *   *

"F. Appeal may be taken to the supreme court from the judgment of the superior court as in other civil cases to which the state is a party. * * *" 7 A.R.S. § 20–166

This statute was enacted prior to the adoption of the new judicial code, which created and established the jurisdiction of the Arizona Court of Appeals. The question, therefore, is whether the instant case should be considered by this court, or referred to the appropriate division of the court of appeals. The determination of this question requires an examination of the constitution and the statutes governing our judicial system.

Article 3 of the Constitution of Arizona reads as follows:

"Distribution of Powers

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." A.R.S.Const., Art. 3

Article 6, as amended November 8, 1960, as applicable to the instant case, provides:

"§ 1. Judicial power; courts

"Section 1. The judicial power shall be vested in an integrated judicial de-

partment consisting of a Supreme Court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as may be provided by law, and justice courts. Adopted, election Nov. 8, 1960."

\* \* \* \* \* \*

"§ 5. Supreme court; jurisdiction; writs; rules; habeas corpus

"Section 5. The Supreme Court shall have:

\* \* \* \* \* \*

"3. Appellate jurisdiction in all actions and proceedings except civil and criminal actions originating in courts not of record, unless the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance.

\* \* \* \* \* \*

"5. Power to make rules relative to all procedural matters in any court.

"6. Such other jurisdiction as may be provided by law." A.R.S., Const., Art. 6

In Burney v. Lee, 59 Ariz. 360, 129 P.2d 308 (1942), decided prior to the adoption of the amendment in 1960 to Article 6 of the Constitution, holding the supreme court had inherent power to make rules of procedure, we said (after quoting A.R.S.Const., Art. 3, supra):

"Article 6, Section 1, is in this language:

" '(*Courts.*)—The judicial power of the state shall be vested in a Supreme Court, superior courts, justices of the peace, and such courts inferior to the superior courts as may be provided by law.'

"It would appear from a reading of these two sections that if the power to make rules of practice and procedure governing the courts is a judicial one, that power is given by the constitution exclusively to the courts. If, on the other hand, it is purely legislative in its nature it would apparently follow that the power rests solely in the legislative branch of the government. Let us examine the nature of this power. It has been held almost unanimously from time immemorial that courts have the inherent

power to prescribe rules of practice and rules to regulate their own proceedings in order to facilitate the determination of justice, without any express permission from the legislative branch. (Cases cited.)." 59 Ariz. at 362, 129 P.2d at 309

This rule-making procedure has now been vested exclusively in the supreme court, as provided in Article 6, § 5, ¶ 5, of the constitution, as amended November 8, 1960:

"Section 5. The Supreme Court shall have:

\* \* \* \* \* \*

"5. Power to make rules relative to all procedural matters in any court."

In providing that the supreme court shall have "power to make rules relative to all procedural matters in any court," the supreme court was specifically given jurisdiction over all future rules or changes in the rules for judicial procedure, which includes appellate procedure.

In Burney v. Lee, supra, we held that under an act of the Arizona legislature statutory rules of procedure "shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act." This same principle is applicable to the constitutional authority vested in the supreme court in giving it the power "to make [all] rules relative to all procedural matters in any court." The statutory rules shall remain in effect until modified or suspended by the rules promulgated by the supreme court. Since the amendment of Article 6, § 5, of the constitution, supra, this court not only has the inherent power to make rules, but it has this power under the constitution, and this power may not now be reduced or repealed by the legislature.

This court, in accordance with Article 6, § 5, ¶ 5, adopted the following rule:

"Rule 47. General Provisions—Court of Appeals

"Except as provided herein, procedures in appeals and other matters before the

Court of Appeals shall be the same as on appeals to the Supreme Court, and Rules 1 through 26 of the Supreme Court are herewith adopted for the Court of Appeals. In connection with matters before the Court of Appeals, those rules shall be read by substituting, for the words 'Supreme Court', the words, 'Court of Appeals', and for 'Chief Justice', the words 'Chief Judge of the division concerned'.

"47(a) Motion for rehearing. Any party desiring a rehearing from a decision of the Court of Appeals may, within 15 days after the Clerk has given notice that a decision has been rendered by the Court of Appeals, file therein a Motion in writing for a rehearing, specifying the particular grounds for rehearing. A copy of the Motion shall be served upon the adverse party or his attorney. A Motion for Rehearing shall not be amended except by leave of Court.

"The adverse party may file objections to the Motion for Rehearing within 10 days after service of such Motion upon the adverse party.

"47(b) Petition for review. Any party, may, within 15 days after the clerk has given notice of the denial of a motion for rehearing, file with the clerk of the Court of Appeals a petition for review of the case by the Supreme Court. The petition shall be filed in 6 copies and shall not specify the grounds upon which it is based. Upon receipt of a petition for review, the clerk shall transmit the entire record in the case to the Supreme Court. There shall be no response filed to a petition for review. If the petition is accepted for review, four (4) additional copies of the briefs and abstract of record shall be filed with the Clerk of the Supreme Court by the respective parties." 17 A.R.S., Rules of Supreme Court, No. 47, 47(a) and 47(b)

The jurisdiction of the Court of Appeals, insofar as it is prescribed by statute, is set forth in part in 4 A.R.S., § 12–120.21, as follows:

"A. The court of appeals shall have:

\* \* \* \* \* \*

"2. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes punishable by death or life imprisonment." 4 A.R.S. § 12–120.21

A.R.S. § 12–2101 provides, in part:

"A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

"B. From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, except in actions of forcible entry and detainer when the annual rental value of the property is less than three hundred dollars." 4 A.R.S. § 12–2101.

■ As the exceptions in each of these statutes are not applicable in the instant case, it is clear that, under the above statutes and rules of the supreme court, had this appeal been made directly to the appellate court, it would have had jurisdiction, and it would have jurisdiction if the same were transferred to that court.

There are over forty specific laws in the Arizona statutes similar to the one in the instant case which provide for appeal to the Arizona Supreme Court. They include cases and proceedings dealing with many diverse subjects—ranging from adoptions, 2 A.R.S., § 8–110, to railroads, 12 A.R.S. § 40–843. All of these statutes are written in the permissive sense, by the use of the word "may" or its equivalent. All were enacted prior to the establishment of the court of appeals. In the light of the broad scope of appellate jurisdiction given to the court of appeals by the aforementioned provisions of the new judicial code, it is inconceivable that the legislature meant to preclude that court's jurisdiction by its failure to repeal these statutes.

The question then resolves itself to this: Is the appellate jurisdiction granted the court of appeals in respect to this case necessarily exclusive, or is it concurrent with that of the supreme court?

The jurisdiction of the court of appeals is not defined within the constitution itself, but is left to the legislature and the procedural rule-making power of this court provided for in Article 6, § 5, ¶ 5, supra. The constitution merely provides that "[t]he jurisdiction * * * of any intermediate court shall be as provided by law." 1 A.R.S., Const., Art. 6, § 9. This provision has been implemented by A.R.S. § 12–120.21 and A.R.S. § 12–2101, quoted in part, supra.

It must be noted that the constitutional and statutory provisions which delineate the jurisdiction of Arizona's two appellate courts (the Supreme Court and the Court of Appeals) are very similar in that they provide effectively for jurisdiction in both courts over practically all civil · cases appealed from the superior court.

▪ It has long · been a general rule of law that a grant of jurisdiction to one court does not, in the absence of an express provision to that effect, imply that the jurisdiction is to be exclusively vested in that court. Gittings v. Crawford (C.C.) Taney, 1 Fed.Cas.No. 5465; Ames v. State of Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482. Plaquemines Tropical Fruit Co. v. Henderson, 170 U.S. 511, 18 S.Ct. 685, 42 L.Ed. 1126; United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Merryweather v. United States (C.A.9), 12 F.2d 407; Snow v. Milner (Tex.Crim.) 364 S.W.2d 726.

In the case of Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 28 L.Ed. 419, the issue was whether the constitutional grant of original jurisdiction to the United States Supreme Court in all cases affecting consuls necessarily precluded similar jurisdiction in the district courts of the United States granted by act of congress. The court, in quoting from a previous decision by Justice Taney, said:

"'* * * The true rule in this case is, I think, the rule which is constantly applied to ordinary acts of legislation, in which the grant of jurisdiction over a certain subject-matter to one court, does not, of itself, imply that that jurisdiction is to be exclusive. * * *'" 111 U.S. at 260, 4 S.Ct. at 410.

▪ A similar case is State ex rel. Bullard v. Jones, 15 Ariz. 215, 137 P. 544, wherein we held that the superior court and this court have concurrent jurisdiction in the issuance of writs of quo warranto. In that case, as in the instant case, the word "exclusive" was omitted from either 'the constitutional or statutory provisions, and, although Article 6, § 5, of the Arizona constitution specifically provides for exclusive jurisdiction in subsection (2), relating to disputes between counties,[1] it does not so provide in regard to the appellate jurisdiction set forth in subsection (3), nor is the word "exclusive" used in the statutes providing for the jurisdiction of the court of appeals. The right to appeal is one which must be provided either by the constitution or by the legislature. If a right of appeal is granted, then the ultimate right to determine the appeal rests in the supreme court by virtue of Article 6, § 5, and the procedure by which an appeal is perfected shall be provided by the supreme court. Ariz.Const., Art. 6, § 5; 4 A.R.S. § 12–109; 17 A.R.S., Rule 47(b); State v. Birmingham, 96 Ariz. 109, 293 P.2d 775.

▪ If the legislature intended to make the jurisdiction of the court of appeals exclusive, and not concurrent with

1. A.R.S., Const., Art. 6, § 5, ¶ 2, provides: "Section 5. The Supreme Court shall have:
* * * * * *
"2. Original and exclusive jurisdiction to hear and determine causes between counties concerning disputed boundaries and surveys thereof or concerning claims of one county against another."

that of the supreme court, and further intended that the act not be subject to amendment or abrogation by rules of the supreme court, the act would be unconstitutional, as it would be in conflict with the constitutional provision that "the supreme court shall have appellate jurisdiction in all actions and proceedings * * *," Art. 6, § 5, ¶ 3 and Art. 6, § 5, ¶ 5, vesting in the supreme court "power to make rules relative to all procedural matters in any court." Neither of these constitutionally granted powers may be limited by legislative enactment. In passing upon the matter of constitutionality of a statute we have held it is our duty to determine whether the statute is clearly prohibited, and that the rule is that all presumption and intendments are in favor of the validity and constitutionality of the legislative acts, and that we should give a construction consistent with validity if it is at all possible. Earhart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436. It must be presumed that the legislature knew of these constitutional provisions vesting this jurisdiction and power in the supreme court, and therefore it was its intention that the jurisdiction of the court of appeals would be concurrent with that of the supreme court.

We therefore hold the instant case is properly before this court. However, due to the pending workload of the court, it has been the policy of this court to transfer cases, in which the court of appeals has concurrent jurisdiction, to the appropriate division of that court. If it becomes apparent that it is appropriate to change this policy, this court will implement procedure therefor.

Accordingly, it is ordered that this case be transferred to Division One of the Court of Appeals by authority of A.R.S. § 12–120.-23, as it has been properly filed in, and heretofore pending in, this court.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD, J., concur.

UDALL, Justice (dissenting):

The majority opinion interprets the constitutional and statutory provisions in issue to mean that the appellate jurisdiction granted the court of appeal is concurrent with that of the Supreme Court and that therefore, not only under the more than forty specific laws in the Arizona statutes similar to the one in the instant case, but in all cases there is a right of direct appeal to this Court. I respectfully dissent.

I think that the legislature intended by the enactment of A.R.S. §§ 12–120.21 and 12–2101 to repeal by implication those portions of statutes similar to A.R.S. § 20–166, which by their terms allow for an appeal to this Court, and to provide that all appeals permitted under such statutes must be initially appealed to the intermediate appellate court before they may be heard by the Supreme Court. I further believe that in all cases, except where expressly prohibited by statute, the right of appeal is to be through the intermediate court and not directly to the Supreme Court; and, if the legislative acts are given such an interpretation they would not be unconstitutional by reason of a conflict with Art. 6, § 5, ¶ 3, and Art. 6, § 5, ¶ 5, as the majority opinion suggests.

Art. 6, §§ 1 and 9, as amended, of the Arizona Constitution, vested in the legislature the authority necessary to create an intermediate appellate court and to grant whatever jurisdiction and rights of appeal to such court it thought proper. The legislature, acting per this authority, saw fit to use very broad language in the delegation of jurisdiction to the court of appeals; e. g. A.R.S. § 12–120.21, subsec. A, par. 2 provides for jurisdiction in the intermediate court of "all actions and proceedings" which may be appealed from the superior court, "*except* criminal actions involving crimes punishable by death or life imprisonment." (emphasis added) The legislature preferred to use equally broad language in A.R.S. § 12–2101; e. g. subsection B grants to litigants the right to appeal to the court of appeals:

"From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, *except*

*in actions of forcible entry and detainer * * *."* (emphasis added)

It should be noted that the legislature did not see fit in either statute referred to above to provide for a general exception by using the language, "unless otherwise provided in specific statutes". The language used was inclusive, with the exceptions noted, and hence, must be accordingly followed. It is apparent that if the legislature intended for these new statutes to supercede those previously enacted, it had two alternatives: one, seek out and amend all forty plus statutes which provide for an appeal to this Court (see attached appendices) or two, use a general provision. I think the legislature sought to accomplish its purpose by the more expedient means, i. e. by using a general or blanket provision.

I am mindful and appreciate the usual rule that a special or particular statute is not repealed by a general statute "unless the intent to repeal is manifest." Rowland v. McBride, 35 Ariz. 511, 281 P. 207; see also, Shapley v. Frohmiller, 64 Ariz. 35, 165 P.2d 306; Arizona Corp. Comm'n v. Catalina Foothills Estate, 78 Ariz. 245, 278 P.2d 427; Hudson v. Brooks, 62 Ariz. 505, 158 P.2d 661.

In Southern Pac. Co. v. Gila County, 56 Ariz. 499, 109 P.2d 610, we recognized that "a statute may be repealed by implication, as well as by direct language, in a subsequent act of the legislature, and that such repeals do frequently occur * * *." In the instant case common sense dictates that the legislature could not have intended the two statutes to be contemporaneously operative. See, State v. Morf, 80 Ariz. 220, 295 P.2d 842; Arizona Tax Com'n v. Dairy & Consumers Co-op Ass'n, 70 Ariz. 7, 215 P.2d 235; State v. Miser, 50 Ariz. 244, 72 P.2d 408.

"It is the universal rule of statutory construction that when a subsequent act of the Legislature is in conflict with a prior act, it by implication repeals so much of the prior act as is in conflict with the latter law." City of Bisbee v. Cochise County, 44 Ariz. 233, 36 P.2d 559. See also, City of Douglas

v. Kitchel, 44 Ariz. 246, 36 P.2d 564; State Board of Health v. Frohmiller, 42 Ariz. 231, 23 P.2d 941.

In implementing the constitutional provisions by establishing an intermediate appellate court, the legislature sought to completely change the judicial structure in this state. I am convinced that if the statutes such A.R.S. § 20–166 are to be construed as the majority opinion states, i. e. as permitting an appeal directly to this Court instead of initially requiring an appeal to the intermediate appellate court, the very purpose and reasons for which the intermediate court of appeal was established are thwarted. The purpose is completely defeated when the majority announces that a direct appeal to this Court is now permitted in all cases.

It is common knowledge that the court of appeal was created in order to relieve the congestion in the Supreme Court; and during its two years of operation the intermediate court has proved to be highly effective in doing so. However, there is still congestion in this Court, as is clearly revealed by the majority opinion's order transferring the instant case to the court of appeal because of the "pending workload of the court", notwithstanding the majority's holding that the case was properly before this Court.

I am of the opinion that if the court of appeal is to continue to serve the purpose for which it was intended, the words "intermediate appellate courts" must be more literally construed. The word "intermediate" connotes that which comes between, and when applied to a court structure, means that court between the lower courts and the highest court of the state. If it does come between, it must of necessity follow that in getting to the highest court from the lowest, one must pass through the court in between, unless expressly provided otherwise by the legislature.

The practical effect of the majority opinion will be to open wide the gates to direct appeals to this Court, thereby effectively nullifying the very relief expect-

ed from the creation of the intermediate appellate court. It is difficult to conceive of all the various reasons, both legal and non-legal, both justifiable and unjustifiable, why counsel will seek to by-pass the court of appeal in any given case, but the probability is that a significant number will. That such will create heavy new burdens on this Court never contemplated by the constitutional amendment is uncontrovertable and I find it unthinkable that the Supreme Court should undertake the project of setting up and administering the exceptional procedure necessary to effectively deal with such added and unnecessary burdens. I agree with the statement made by the Wisconsin Supreme Court:

> "As a matter of sound appellate practice, there is no reason for allowing a choice of appeal either to circuit court or supreme court. Where the procedure for appeal to circuit court is clearly provided, it is exclusive. Where appeal is permitted directly to the supreme court, that procedure is also exclusive." County of Milwaukee v. Caldwell, 31 Wis.2d 286, 143 N.W.2d 41, 44 (1966).

The majority opinion states that "if the legislature intended to make the jurisdiction of the court of appeals exclusive, and not concurrent with that of the supreme court, and further intended that the act not be subject to amendment or abrogation by rules of the supreme court, the act would be unconstitutional", as it would be in conflict with both Art. 6, § 5 ¶ 3 and Art. 6, § 5 ¶ 5 of our constitution. I must express my disagreement.

This Court has held on a number of occasions that the substantive right to appeal is statutory, exists only by force of statute, and may only be given or denied by the constitution or the legislature. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775, reaffirming 95 Ariz. 310, 390 P.2d 103; Kemble v. Porter, 88 Ariz. 417, 357 P.2d 155; Rueda v. Galvez, 94 Ariz. 131, 382 P.2d 239; Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208; Knape v. Brown, 86 Ariz. 158, 342 P.2d 195; Arizona Corporation Com'n v. Pacific Motor Truck Co., 83 Ariz. 135, 317 P.2d 562; Ross v. Industrial Commission, 82 Ariz. 9, 307 P.2d 612; Barth v. Apache County, 18 Ariz. 439, 162 P. 62. The right to appeal is a creature of statute because such was unknown at common law. It is obviously the prerogative of a legislature which creates a right to limit it as it sees fit. The question which thus presents itself is whether the legislature has limited an appellant's right to a direct appeal to the Supreme Court. I think the answer is clearly yes and that the legislature was entirely within its rights in doing so.

The statutory right to appeal to the court of appeal is given in A.R.S. § 12–2101. § 12–2101, subsec. B provides that an appeal may be taken from a "final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court * * *." A.R.S. § 12–120.21 defines the jurisdiction of the court of appeal and in pertinent part states that the court of appeal has appellate jurisdiction in "all actions and proceedings originating in or permitted by law to be appealed from the superior court" with the exception of "criminal actions involving crimes punishable by death or life imprisonment." A.R.S. § 13–1711 provides in effect that those criminal actions excepted under § 12–120.21 are to be appealed directly to the Supreme Court. I am of the opinion that by only expressly excepting certain actions from being appealable to the court of appeal and at the same time by providing specifically for a right of direct appeal to the Supreme Court in those very actions excepted and no others, the legislature manifested its intention that the right of appeal in all other instances is to be through the intermediate appellate court and not directly to the Supreme Court.

Such a limitation on an appellant's right to appeal is valid for as I noted previously, the legislature does have the authority to limit any right which it creates; furthermore, such a limitation is no different in effect than those in other statutes which require a case be initially presented to a

board, a commission, or to a superior or other inferior court.

In the case of Young v. Stearns, 91 Ill. 221, at page 222, the Illinois Supreme Court stated succinctly its view of the role of the legislature. I am in accord.

"There are only four classes of cases in which there is a constitutional right of appeal or writ of error to this court * * *. Even in these cases such constitutional right of appeal or writ of error to this court is not the right of a direct appeal from or writ of error to the trial court, but such appeal or writ of error may be through the intermediary of the Appellate Court. *It is for the Legislature to determine as to whether in all, or some, or any of these cases, the appeal shall be direct to this court, or otherwise.*" (emphasis added).

In view of the above, I cannot conceive of how the procedural rule-making power of this Court is infringed upon or is limited by legislative enactment, for it does not and was not intended to displace the legislative power to give and also limit the right to appeal. If the majority supposes that the Supreme Court, by the promulgation of procedural rules, may amend or abrogate the statutory right to appeal, then this Court is usurping the power of the legislature in contravention of a basic tenet of our form of government which provides for a separation of powers among three distinct branches.

I also fail to see why the majority feels that Art. 6, § 5 ¶ 3 would be infringed upon if the legislature intended for the jurisdiction of the court of appeal to be other than concurrent with that of the Supreme Court. The constitution provides for the Supreme Court to have "appellate jurisdiction" and that is exactly what it does have by virtue of A.R.S. § 12–120.24, implemented by Rule 47, Rules of the Supreme Court. The fact that appellate review in this Court is put on a selective rather than a mandatory basis does not abate our jurisdiction, but abates only the burden of *having* to decide every case which is appealed. I firmly believe that the jurisdiction of this Court remains inviolate and that the jurisdiction of the court of appeal likewise is secure, subject as it should be, however, to the review of this Court in any and all cases where we deem it necessary or desirable. The requirement that an appeal be initially taken to the intermediate appellate court does not lessen one iota this Court's right and duty to be the final declarer of the laws of this state.

Hence, since the instant appeal was perfected after the court of appeal began to function, I believe the appeal lies in that court and we do not at the present time have jurisdiction to decide this matter. I would therefore order the cause transferred to the Court of Appeals, Division 1, pursuant to A.R.S. § 12–120.22, subsec. B, for consideration and decision on the merits.

## APPENDIX I

I    Miscellaneous Appeals to Supreme Court by Specific Statutes:
1. Adoption § 8–110
2. Certiorari § 12–2007
3. Workmen's Compensation § 23–948
4. Transaction Privilege Tax § 42–1339
5. Administrative Decisions §§ 12–903, 12–913
6. Agricultural Improvement District § 45–907
                                                                 § 45–913
7. Corporation Commission § 40–254
8. Dispensing Opticians Brd § 32–1695
9. Electrical District § 30–511
10. Occupational Disease Act §§ 23–1144, 23–1146, 23–1230

11. Workmen's Compensation  §§ 23–948, 23–951
12. Power Districts  § 30–313
13. State Land Commission  § 37–214
14. Public Lands  § 37–134, subsec. C
15. Soil Cons. District—appeal determination of  
                       Commissioner § 45–2055;*  

      * refers appellate procedure, § 37–214.

16. Irrigation Districts  § 45–1858
17. Director of Insurance  § 20–166
18. Mental Health  § 36–538
19. State Bd. of Equalization  § 42–147, subsec. E
20. Divorce  § 25–351
21. Arizona Power Authority  § 30–174
22. Unconstitutional Statute or Order  § 12–932
23. Medicine and Surgery  § 32–1453
24. Sale of Securities  § 44–1984
25. Criminal Appeals Fee  § 13–1721
26. Appeals (Remittitur or Additur)  § 12–2104
27. Elections—Successor to Office  § 38–345
28. Appeals  § 13–1720
29. Railroads  § 40–843
30. Oil & Gas  § 27–526
31. Nursing  § 32–1665
32. Naturopathy  § 32–1554
33. Minimum Wage Decision  § 23–325
34. Livestock and Animals  § 24–621.15
35. Decedents' Estate  § 14–643
36. Ground Waters  § 45–321
37. Water Districts  § 45–2172
38. Barbering  § 32–354
39. Employment Security  § 23–682
40. Eminent Domain  § 12–1127
41. Military Court Martial  § 26–210

The foregoing list is not exhaustive, and is merely intended to illustrate the number of statutes where an appeal may be taken to this Court. There is a possibility that some statutes may provide for such a procedure and not be listed in the index.

II    See also statutes which specify Supreme Court and are still applicable but not amended to include the Court of Appeals:

1. § 13–1715           6. § 13–1720
2. § 13–1716           7. § 13–1721
3. § 13–1717           8. § 12–321
4. § 13–1718           9. § 12–322
5. § 13–1719          10. § 12–323