432 P.2d 455

**J. H. WELSH & SON CONTRACTING COM-PANY, Appellant (Petitioner),**

v.

**ARIZONA STATE TAX COMMISSION,**
**Appellee (Respondent).**

**No. 8910–PR.**

Supreme Court of Arizona.

In Banc.

Oct. 18, 1967.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, Phoenix, for appellant (petitioner).

Darrell F. Smith, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., for appellee (respondent) Arizona State Tax Commission.

UDALL, Justice:

The instant matter is before us on a petition for review of the decision of the Arizona Court of Appeals, Division 1, as reported in 4 Ariz.App. 398, 420 P.2d 970. In its opinion the Court of Appeals affirmed the judgment of the Superior Court, Maricopa County, which decreed in part that certain monies paid by employers in the construction industry, under the provisions of collective bargaining agreements, to trust funds created to finance programs for apprenticeship training and industry promotion were not amounts "paid by the contractor for labor" and hence exempt from taxation under A.R.S. § 42–1310, subsec. 2(i) which provides for payment of a transaction privilege tax pursuant to A.R.S. § 42–1301 et seq.

We accepted the petition for review on this matter for the limited purpose of determining the jurisdiction of the Court of Appeals on an appeal from a ruling of the Superior Court. A.R.S. § 42–1339, subsec. B provides in pertinent part:

"After payment of any tax, penalty or interest under protest verified by oath and setting forth the grounds of objection to the legality of the tax, a taxpayer may bring action against the commission in any superior court of the state for the recovery of the tax, interest or penalty so paid under protest. * * *"

After a ruling by the Superior Court on the matter the statute further provides: "Either party to such action may appeal to the supreme court as provided by law * * *." The troublesome issue which drew our attention here was whether because of the wording of the statute this court was solely invested with jurisdiction for such an appeal.

The precise issue has been decided by this court in the recent case of Arizona Podiatry Association v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108. Therein we construed a statute which provided that, "Appeal may be taken to the supreme court * * *." A.R.S. § 20–166. After reading the involved statute with these

provisions creating and establishing the jurisdiction of the Court of Appeals, we concluded that jurisdiction for such an appeal rests concurrently with both the Court of Appeals and the Supreme Court.

Here we find that interpretation applicable and thus we conclude that the Court of Appeals properly accepted the appeal of the instant matter.

Judgment of the Superior Court affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.